STATE OF NORTH CAROLINA v. TIMOTHY L. OLDFIELD AND HOMER D. BLINCOE

No. 753SC923

(Filed 7 April 1976)

1. Searches and Seizures § 3— probable cause to issue search warrant — sufficiency of affidavit

In a prosecution for possession of marijuana, there was probable cause for issuance of a warrant to search defendants' premises where the affidavit to obtain the warrant disclosed that a purchase of

State v. Oldfield

THC was made from defendants only a few minutes before issuance of the warrant, a detailed description of the premises to be searched was given, and the affidavit stated the results of three weeks of surveillance of defendants' premises.

2. Searches and Seizures § 4— warrant to search for THC — seizure of marijuana proper

Though the search warrant for defendants' premises was issued to search for THC, and none was found, the officers could lawfully seize six pounds of marijuana found on defendants' premises, and such contraband was admissible in evidence in a prosecution for possession of marijuana.

3. Narcotics § 3— possession of marijuana — admissibility of search warrant

The trial court in a prosecution for possession of marijuana did not err in admitting the search warrant into evidence on *voir dire*, though the magistrate was not present to testify that he signed it, since the affiant identified the warrant and testified that he and the magistrate signed the affidavit and that the magistrate signed the warrant.

APPEAL by defendants from *Rouse, Judge*. Judgments entered 3 June 1975 in Superior Court, CRAVEN County. Heard in the Court of Appeals 9 March 1976.

Defendants were charged in identical bills of indictment with possession of approximately six pounds of marijuana. Charges of manufacturing phencyclidine were dismissed as to each defendant at the close of the State's evidence.

The State's evidence tended to show the following: On 16 December 1974, pursuant to a search warrant, defendants' trailer was searched by Craven County and Town of Havelock officers. Approximately six pounds of marijuana were seized, along with scales, marijuana cigarette butts, syringes, a hashish pipe, a quantity of amphetamine, a quantity of hashish, and a quantity of phencyclidine hydrochloride.

Defendants offered no evidence. The jury found each defendant guilty of possession of more than one ounce of marijuana, and each defendant was sentenced to a term of not less than three nor more than five years of imprisonment.

*Attorney General Edmisten, by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*McCotter & Mayo, by Charles K. McCotter, Jr., for defendants.*

State v. Oldfield

BROCK, Chief Judge.

[1]  Defendants argue that the evidence seized in the search was inadmissible because there was no showing of probable cause for the issuance of the search warrant.

The affidavit to obtain the search warrant was as follows:

"W. H. Nethercutt, Detective, Craven County Sheriff's Dept., New Bern, N. C. being duly sworn and examined under oath, says under oath that he has probable cause to believe that Tim Oldfield & Homer Blincoe has on his premises, on his person in his vehicle certain property, to wit: Tetrahydrocannabinols (THC) the possession of which is a crime, to wit: Possession of a controlled substance.

December 15, 1974, Havelock, N. C.

"The property described above is located on his premises, on his person, in his vehicle described as follows:

"This being a white and tan house trailer, located at Lot #2, Havelock Trailer Park, Havelock, N. C. You proceed West on U. S. 70, take the immediate service lane just as you cross the Slocum Creek bridge to the right. About 200 yards up this service road is a Gant Service Station. A dirt unpaved road leads straight into the trailer park. The described trailer is the second trailer on the right. To better identify the location there is a cleaning mop hanging upside down in a hedge in the front of the trailer.

"The vehicle to be searched is a 1964 Black Pontiac 4-door, bearing N. C. registration FRA 608, registered to Homer Davis Blincoe, Bks 205, Cherry Point, N. C.

"The facts which establish probable cause for the issuance of a search warrant are as follows: I, W. H. Nethercutt after making a number of drug arrests in Craven County have since the first day of Sept. 1974 held secret intelligence meetings with local and adjoining County drug agents and also agents from CID. During these meetings we attempted to determine the names of known drug dealers. Some of these persons have already been arrested. During the meetings the name of Tim Oldfield 20 yr. old white male & Homer (Butch) Blincoe, white male, were discussed as known drug dealers, based on this information, I began an undercover surveillance of these

two subjects residents. In the past 3 weeks at noon and in the evening I have observed an increasing amount of traffic; both day & night. I have also observed a white male by the name of Michael Roades who is known to me & Carteret County to be a drug dealer. This information was passed onto Carteret County officers, they have since arrested Michael Roades on possession of Marijuana. Michael Roades was interviewed by me and agreed to make a buy of THC from the two named defendants. Further investigation revealed that the two named defendants make regular trips to Atlanta, Georgia where they purchase illegal drugs and transport them to the State of North Carolina. On December 16, 1974, I gave to Michael Roades for the purpose of making a controlled buy, nine twenty dollar bills of U. S. Currency listed as follows:

Serial #'s E 39736409 B NRS
B 41621504 D NRS
E 87819019 A NRS
E 67765048 B NRS
E 93197871 B NRS
E 79640085 B NRS
E 01623010 * NRS
E 30426011 B NRS
G 37198929 C NRS

He was given this money at 11:45 a.m., this date 16 Dec 1974. He and his vehicle were searched thoroughly for any illegal drugs. He then proceeded to the mentioned address and was observed going into the trailer and returning. He was stopped on U. S. Highway 70 where he produced two one (HRS) small bags of a white powder and stated that it was THC. Based on this information and passed investigations of the two named defendants, I procured this search warrant.

16 December 1974

12:20 P.M.

s/ W. H. NETHERCUTT, D.S.

s/ N. R. SANDERS, Magistrate"

State v. Oldfield

Irrespective of the challenged hearsay in the affidavit, the information of the purchase of tetrahydrocannabinols only a few minutes before issuance of the warrant, along with the detailed description of the location of the trailer to be searched, and the results of three weeks of surveillance of the premises constituted probable cause to issue the search warrant. This argument is without merit and is overruled.

[2] Defendants argue that the evidence seized in the search was inadmissible because the search warrant was issued to search for tetrahydrocannabinols (THC), and none was found; that the evidence seized was not specified in the search warrant; and that the evidence seized was not in plain view.

As pointed out above, the warrant to search for THC was issued upon a showing of probable cause. Although the officers found no THC, in their search for it they found the contraband seized and admitted into evidence. When officers are conducting a valid search for one type of contraband and find other types of contraband, the law is not so unreasonable as to require them to turn their heads. This argument is without merit and is overruled.

[3] Defendants argue that it was error to admit the search warrant into evidence on *voir dire* because the magistrate was not present to testify that he signed it. This argument is feckless. The affiant identified the warrant and testified that he and the magistrate signed the affidavit and that the magistrate signed the warrant.

Under assignment of error number 5, defendants contend that the court abused its discretion by repeatedly permitting the State to ask leading questions. Twenty-two exceptions are grouped under this assignment of error. Several of them do not relate to objections to questions asked, but those that do are wholly without merit. The questions were proper inquiries by the State and were not objectionable as leading questions. It would have been error to not permit the questions complained of. This assignment of error is without merit.

We have examined defendants' remaining assignments of error and conclude that they do not merit discussion. They are overruled.

The cases against these two defendants were clear and overwhelming. After investigation and surveillance, Officer

Nethercutt obtained the cooperation of a previously arrested drug dealer to purchase THC from defendants. This person purchased from defendants a substance purporting to be THC with nine twenty dollar bills supplied by the police, and delivered the substance purchased to Officer Nethercutt immediately thereafter. Officer Nethercutt promptly obtained and served a search warrant. The same nine twenty dollar bills were recovered from one of the defendants within less than an hour after the purchase was made. The evidence seized was clearly sufficient to justify the arrest and charge against the defendants. In our opinion defendants had a fair trial free from prejudicial error.

No error.

Judges VAUGHN and MARTIN concur.