STATE OF NORTH CAROLINA v. DANNY BEDDARD

No. 772SC736

(Filed 7 February 1978)

1. **Searches and Seizures § 24— confidential informant—affidavit—illegal activity**

    An affidavit for a search warrant based upon an informant's tip contained sufficient facts from which the issuing official could determine that there were reasonable grounds to believe that illegal activity was being carried on or that contraband was present at the place to be searched where it contained a statement that an informant had advised the affiant "that on Jan. 8, 1976 on Sat. night that he and another person went to this trailer and purchased a five dollar bag of marijuana from a person called 'Jesus,'" and a detailed description of the trailer to be searched was contained in the paragraph preceding the affidavit.

2. **Searches and Seizures § 20— wrong year date in affidavit—correction by trial court**

    There is no merit in defendant's contention that no probable cause existed for the issuance of a warrant to search for marijuana because the affidavit stated on its face that a sale to an informant occurred on "Jan. 8, 1976," more than a year before the warrant was issued on 11 January 1977, where the trial court found that the year date was a typographical error and ordered the date changed to read correctly "Jan. 8, 1977."

3. **Searches and Seizures § 24— affidavit—credibility of confidential informant**

    An affidavit for a warrant to search for marijuana based on a confidential informant's tip set forth sufficient underlying facts and circumstances which showed that the informant was credible or that the information was reliable where it contained (1) a statement by the informant that he had gone to defendant's trailer and purchased marijuana, since the statement was against the informant's penal interest, and (2) a statement that the informant, a minor, "has never given me information before but his mother has and he gave me this information along with his mother because he was caught with the marihuana," since the presence of his mother would improve the credibility of the minor informant.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 31 May 1977 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 17 January 1978.

Defendant was tried for misdemeanor possession of a controlled substance, to wit: marijuana. During the trial, defendant moved to suppress evidence obtained under the search warrant on the grounds that the affidavit supporting the application for a search warrant was insufficient to show probable cause for issuance of the warrant. The text of the affidavit reads as follows:

"The applicant swears to the following facts to establish probable cause for the issuance of a search warrant: I received information from a confidential informer that Danny Beddard (alias Jesus) had marijuana for sale. This informer advised me that on Jan. 8, 1976 on Sat. night that he and another person went to this trailer and purchased a five dollar bag of marihuana from a person called 'Jesus.' This informer has never given me information before but his mother has and he gave me this information along with his mother because he was caught with the marihuana. This informer also carried me and showed me the house trailer. Upon investigating this I found that 'Jesus' is Danny Beddard."

Defendant's motion was denied and evidence obtained under the warrant was admitted into evidence.

From a verdict of guilty and sentence of six months imprisonment, defendant appeals.

*Attorney General Edmisten, by Associate Attorney Lucien Capone, III, for the State.*

*Wilkinson and Vosburgh, by James R. Vosburgh, for defendant appellant.*

WEBB, Judge.

Defendant contends it was error to admit evidence obtained under the search warrant. The question presented by this appeal is whether the affidavit supplied sufficient facts and circumstances from which a magistrate could find probable cause to issue a search warrant.

In making a review of the magistrate's determination of probable cause, the scope of our examination on appeal is limited by G.S. 15A-245(a). We are unable to find any evidence in the record of other facts being contemporaneously recorded with the warrant. Therefore, we will determine from the affidavit alone if there are facts from which a finding of probable cause could have been made by the magistrate.

Generally, when applying for a search warrant, the affidavit is deemed sufficient "if it supplies reasonable cause to believe that the proposed search for evidence of the commission of the designated criminal offense will reveal the presence upon the

described premises of the objects sought and that they will aid in the apprehension or conviction of the offender." *State v. Vestal*, 278 N.C. 561, 576, 180 S.E. 2d 755, 765 (1971). At issue in this case is a search warrant based upon an informant's tip which brings special considerations into play. Defendant correctly asserts that there is a two prong test for determining if probable cause exists to issue a search warrant based upon information from an informant. *State v. Hayes*, 291 N.C. 293, 230 S.E. 2d 146 (1976); *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637 (1969).

[1]   The first requirement is that the affidavit must contain facts from which the issuing official could determine that there are reasonable grounds to believe that illegal activity is being carried on or that contraband is present in the place to be searched. We believe the first test is met. The key statement reads: "This informer advised me that on Jan. 8, 1976 on Sat. night that he and another person went to this trailer and purchased a five dollar bag of marihuana from a person called 'Jesus.' " An illegal activity, sale of marijuana, is alleged to be taking place at "this trailer," the place to be searched. Although the language "this trailer," if viewed in the abstract, would not supply a sufficient description to merit issuance of a search warrant, a detailed description of the trailer to be searched was contained in the paragraph preceding the affidavit and we think the language clearly refers to the detailed description.

[2]   We do not find any merit in defendant's contention that no probable cause exists because the affidavit states on its face that the alleged illegal sale occurred in 1976, more than a year before the warrant was issued. The search warrant application was made on 11 January 1977. At trial, at the conclusion of *voir dire* hearings on the motion to suppress, Judge Thornburg found as a fact that the year date was a typographical error and ordered the date changed to correctly read "Jan. 8, 1977." Albeit G.S. 15A-245(a) places restrictions upon what information can be used by the magistrate in finding probable cause, we do not think the trial judge went beyond the permissible scope of inquiry when he heard evidence on the issue of a typographical error in the year date. In view of the fact that the year had recently changed, we

do not consider a typographical error in the year date fatal to the sufficiency of the affidavit.

[3] The second prong of the test relates to the credibility of the informant. It requires that if an unidentified informant has supplied all or a part of the information contained in the affidavit, some of the underlying facts and circumstances which show that the informant is credible or that the information is reliable must be set forth before the issuing officer. We believe facts and circumstances showing that the informant is credible or that his information is reliable are present in the affidavit. First, the statement by the informer that he had gone to the defendant's trailer and purchased marijuana was a statement against the informant's penal interest. The Supreme Court has indicated in *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed. 2d 723 (1971) that statements against penal interest have their own indicia of reliability.

"People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interest, carry their own indicia of credibility — sufficient at least to support a finding of probable cause to search."

403 U.S., at 583

We hold that the informant's statement against penal interest was a circumstance showing the information was reliable. Secondly, the portion of the affidavit that states "[t]his informer has never given me information before but his mother has and he gave me this information along with his mother because he was caught with the marihuana" presents another circumstance supporting the informant's reliability. The informant, a minor, was relating his information to the officer in his mother's presence. In response to defendant's argument, we believe the presence of the mother would act as a sobering effect and thereby improve the credibility of the information rather than, as defendant contends, act as a force of duress which could open the doors of fantasy.

We hold that the affidavit was sufficient on its face to show probable cause for issuance of a search warrant. We find no error in admitting into evidence property seized under the search warrant and testimony concerning the seized property.

During the pendency of this appeal, the General Assembly eliminated imprisonment as a punishment under G.S. 90-95(d)(4), the statute under which the defendant was convicted and sentenced. When the punishment for a crime is reduced during the pendency of an appeal, the Appellate Court must give effect to the changed law. *State v. Pardon*, 272 N.C. 72, 157 S.E. 2d 698 (1967). Defendant is entitled to mitigation of sentence in conformity with the new law. Therefore, we affirm the conviction below, but vacate the judgment and remand the cause for resentencing in conformity with the amended G.S. 90-95(d)(4).

Judgment vacated and cause remanded.

Judges BRITT and HEDRICK concur.