STATE OF NORTH CAROLINA v. VINCENT McLEOD, DOROTHY McLEOD, AND LINDA K. MOORE

No. 784SC18

(Filed 6 June 1978)

1. **Searches and Seizures § 23— search warrant—sufficiency of officer's affidavit**

    Information in a police officer's affidavit was sufficient to show probable cause necessary to support a search warrant where the officer related that he and another officer observed a person go into the building for which the search warrant was issued and come out with approximately one ounce of marijuana which the person then gave to the officer, and this person had previously been

sent into the building by the officers for the purpose of buying marijuana. The fact that the person sent into the building to buy marijuana was an informant did not, in itself, alter the nature of the officer's personal observations and render the search warrant one issued upon the hearsay statement of a confidential informant for the purpose of determining probable cause.

**2. Searches and Seizures § 20— search warrant—sufficiency of affidavit**

As set forth in *Spinelli v. U.S.*, 393 U.S. 410, and *Aguilar v. Texas*, 378 U.S. 108, the two-pronged test for determining whether an affidavit is sufficient to show probable cause is: (1) the affidavit must contain facts from which the issuing officer could determine that there are reasonable grounds to believe that illegal activity is being carried on or that contraband is present in the place to be searched; (2) if an unidentified informant has supplied all or a part of the information contained in the affidavit, some of the underlying facts and circumstances which show that the informant is credible or that the information is reliable must be set forth before the issuing officer.

**3. Searches and Seizures § 23— information from unidentified informant—showing of reliability unnecessary**

Even though an officer's affidavit which constituted the application for a search warrant contained some information which may have come from an unidentified informant, the credibility of the informant or the reliability of such information need only be shown when it is necessary that such hearsay be relied upon in finding the requisite probable cause.

**4. Searches and Seizures § 23— marijuana in premises to be searched—sufficiency of affidavit**

Since it is required only that an affidavit contain facts from which a magistrate can determine that there are reasonable grounds to believe that contraband is present in the place to be searched in order to justify a warrant authorizing a search of a building, it was not necessary that an officer's affidavit establish which of the individuals in the building to be searched were engaged in selling marijuana.

**5. Searches and Seizures § 23— "controlled buy" of marijuana—probable cause established**

Though it would be a better practice for officers conducting "controlled buys" of narcotics to search the individual making the purchase prior to its actually being made and to specifically set forth this fact in the affidavits by which they seek search warrants, failure to do so in this case was not fatal, since the police officer's statements in his affidavit as to his personal observations concerning marijuana purchases in the building in question remained sufficient to establish probable cause.

APPEAL by the State from *Peel, Judge*. Judgments entered 30 November 1977 in Superior Court, ONSLOW County. Heard in the Court of Appeals 3 May 1978.

The defendants are presently charged by bills of indictment with felonious possession of marijuana with intent to manufacture, sell and deliver. Prior to trial on these charges, the defendants moved to suppress evidence obtained as the result of a

search of a building, and seizure of marijuana and other items found therein, pursuant to a search warrant. During a pretrial voir dire hearing to determine the admissibility of the evidence seized during this search, the State introduced only the application for the search warrant and the search warrant relied upon as authorizing the search and seizure of 15 August 1977. The trial court allowed the motions to suppress of all three defendants. The State gave timely notice of appeal pursuant to G.S. 15A-979(c).

*Attorney General Edmisten, by Associate Attorney Patricia B. Hodulik, for the State.*

*Frazier and Moore, by Thomasine E. Moore, for defendant appellee.*

MITCHELL, Judge.

The State as appellant assigns as error the judgments of the trial court granting each defendant's motion to suppress evidence seized during a search pursuant to the search warrant. The State contends that the affidavit constituting the application for the search warrant was sufficient on its face to show probable cause for the issuance of the warrant. The affidavit set forth the following:

### APPLICATION FOR SEARCH WARRANT

I, Robert D. Toth Special Operation Div., Jacksonville Police Dept., Jacksonville, N.C., being duly sworn, hereby request that the court issue a warrant to search the place described in this application and to find and seize the items described in this application. There is probable cause to believe that certain property, to wit: Marijuana constitutes evidence of a crime, to wit: Possession With The Intent To Sell And Deliver Marijuana, and the property is located in the place described as follows: (Unmistakably describe the building, premises, vehicle or person — or combination — to be searched.) Said Building Is Located next to the railroad tracks on Court Street it is the first building on the right as you cross the tracks headed toward Kerr St. Said building has the mailing address of 413 South Court Street said building has the name of McLeod's Designs & Arts.

The applicant swears to the following facts to establish probable cause for the issuance of a search warrant: On 2-3-77 a undercover buy was made from Vincent McLeod for

a $20 bag of marijuana at that time said buy was controlled by Officer Buchanan, Phillips and Sam Hudson of the Special Operation Div. Jacksonville Police Dept. Said informer was search at the station and officer watch the informer go in and come out and said informer gave officer Phillips one ounce of marijuana that came from Vincent McLeod. Now on this date 8-15-77 officers of the special operation Div. had a undercover informer go into Mc.Leod building where said informer bought one ounce of marijuana for the price of $20 and said informer was controlled by officer Toth of the Special Operation Div. officer Toth let informer out of the car and he along with a reserve officer Moseman watch said informer go into McLeod's and come out and give officer Toth a ounce of Marijuana that the informer had purchased from Mrs. McLeod and other black female near the sewing machine in the store. Said buy was controled by me that is officer Toth along with officer Moseman, Hudson, Sgt. Brown, Sheffield, and Siwinski of the Jacksonville Police Dept.

s/ROBERT D. TOTH
Signature of Applicant

(Sworn to and subscribed before me this 15 day of August, 1977.)
s/G. L. MATTOCKS Mag.
Assistant Deputy Clerk of Superior Court
Magistrate/District/Superior Court Judge

[1] We find the information in the affidavit of Officer Robert D. Toth of the Jacksonville Police Department, relative to the purchase on 15 August 1977 of marijuana from the building to be searched, sufficient, standing alone, to show the probable cause necessary to support the search warrant issued on the same date. In that portion of the affidavit, Officer Toth related that he and another officer of the Jacksonville Police Department observed a person go into the building, for which the search warrant was issued, and come out with approximately one ounce of marijuana which the person then gave to Toth. This person had been previously sent into the building by the officers for the purpose of buying marijuana. No more information was required in order to establish the probable cause necessary to support the search warrant issued by the magistrate. See State v. Oldfield, 29 N.C. App. 131, 223 S.E. 2d 569, cert. denied 290 N.C. 96, 225 S.E. 2d 325 (1976).

State v. McLeod

There is a vast difference between the proof required to establish probable cause to conduct even a warrantless search and that required to establish guilt. *Draper v. United States,* 358 U.S. 307, 3 L.Ed. 2d 327, 79 S.Ct. 329 (1959). Still less information is required to establish probable cause for the issuance of a search warrant. *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971). In *Aguilar v. Texas,* 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964), the Supreme Court of the United States specifically stated:

> [W]hen a search is based upon a magistrate's, rather than a police officer's, determination of probable cause, the reviewing courts will accept evidence of a less "judicially competent or persuasive character than would have justified an officer in acting on his own without a warrant," . . . and will sustain the judicial determination so long as "there was substantial basis for [a magistrate] to conclude that [the items for which the search was authorized] were probably present. . . ."

378 U.S. at 111, 12 L.Ed. 2d at 726, 84 S.Ct. at 1512.

The personal observation of the affiant, a police officer, was sufficient to support the magistrate's finding of the probable cause necessary for the issuance of a warrant. The fact that the person sent into the building to buy marijuana was an informant does not, in itself, alter the nature of the officer's personal observations and render this a search warrant issued upon the hearsay statement of a confidential informant for purposes of determining probable cause.

[2] In *Aguilar* and *Spinelli v. United States,* 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1969), the Supreme Court of the United States created a "two-pronged" test for determining whether an affidavit is sufficient to show probable cause. First, the affidavit must contain facts from which the issuing officer could determine that there are reasonable grounds to believe that illegal activity is being carried on or that contraband is present in the place to be searched. Second, if an unidentified informant has supplied all or a part of the information contained in the affidavit, some of the underlying facts and circumstances which show that the informant is credible or that the information is reliable must be set forth before the issuing officer. We find the personal observations of the police officer as set forth in the affidavit in the case *sub judice* to meet the first "prong" of the test.

[3] The second "prong" of the *Aguilar* test is not applicable here. Even though the affidavit contained some information which may have come from an unidentified informant, we think the credibility of the informant or the reliability of such information need only be shown when it is necessary that such hearsay be relied upon in finding the requisite probable cause. As previously indicated, the facts here do not present us with a situation requiring such reliance, and the "second prong" of *Aguilar* does not come into play.

[4] The defendants contend that the affiant did not personally observe the sale of the marijuana on 15 August 1977, and probable cause did not, therefore, exist for a search of their premises. We note that the affidavit is inartfully drawn and does not indicate whether the information as to which of the defendants made the actual sale was based upon personal observation of the affiant or hearsay from the person purchasing the marijuana. For this reason we must assume it was based upon hearsay. We do not find, however, that this information was crucial to the validity of the warrant. It was only required that the affidavit contain facts from which the magistrate could determine that there were reasonable grounds to believe that contraband was present in the *place to be searched* in order to justify a warrant authorizing a search of the building. *State v. Hayes*, 291 N.C. 293, 299, 230 S.E. 2d 146, 150 (1976); *State v. Campbell*, 282 N.C. 125, 191 S.E. 2d 752 (1972). It was not, therefore, necessary that the affidavit establish which of the individuals in the building were then engaged in selling the marijuana.

The fact that possible hearsay is included in the affiant's statements of personal observations and not identified as such does not in itself invalidate the affidavit. *See United States v. Ventresca*, 380 U.S. 102, 13 L.Ed. 2d 684, 85 S.Ct. 741 (1965). Where, as here, personal observations of the affiant clearly identified as such are sufficient to support the magistrate's finding of probable cause, the mingling of possibly unsupportable hearsay in no way diminishes or removes the support for such finding.

[5] The defendants next contend that the failure of the affidavit to state that the person making the purchase was searched before and after entering the buiding renders it insufficient to state facts from which the magistrate could determine there were

reasonable grounds to believe that contraband in the form of marijuana was present in the building. The defendants base this argument upon the admitted fact that the person employed to make the purchase was also a police informant. They argue he could have had marijuana on his person prior to entering the building and used it for the purpose of "framing" the defendants. We find this contention without merit.

We recognize that narcotics informants frequently do not enjoy reputations for veracity. Undoubtedly it would be a better practice for officers conducting "controlled buys" of narcotics to search the individual making the purchase prior to its actually being made and to specifically set forth this fact in the affidavits by which they seek search warrants. Failure to do so in this case was not, however, fatal.

The affiant's statements as to his personal observations remained sufficient to establish probable cause. As we have previously pointed out, affidavits used to establish probable cause are tested by much less rigorous standards than the standards governing admissibility of evidence at trial. Only the probability and not a prima facie showing of criminal activity is necessary to meet the standard of establishing probable cause. 11 Strong, N.C. Index 3d, Searches and Seizures, § 22, p. 521.

The defendants also contend that the scope of the search warrant was exceeded in that items were seized which were not contraband. We have reviewed the officer's return listing the items seized, which was included in the record on appeal, and find that the great majority of items are identified as various types of envelopes containing marijuana or as other items containing marijuana residue. The return also indicates that pills of various colors and a silver cigarette holder were seized. We find no merit in this contention. *State v. Oldfield*, 29 N.C. App. 131, 223 S.E. 2d 569, *cert. denied* 290 N.C. 96, 225 S.E. 2d 325 (1976).

For the reasons previously set forth, we hold the trial court erred in the case of each of these defendants by granting the motions to suppress. We must reverse those judgments and remand each of these cases to the trial court for further proceedings consistent with law.

Reversed and remanded.

Judges PARKER and HEDRICK concur.