STATE OF NORTH CAROLINA v. HILBERT WALTER HARRIS, JR.

No. 791SC355

(Filed 2 October 1979)

**Searches and Seizures § 24— validity of warrant—probable cause—identified informant—credibility**

Evidence before a magistrate was sufficient for him to find probable cause to issue a search warrant where the magistrate was told that the basis of the informant's knowledge was his own purchase of one-half pound marijuana which he alleged occurred at the house owned by defendant's parents and in which defendant lived; and the magistrate had before him facts from which he could reasonably conclude that the informant was credible and his information reliable, including (1) statements by the informant admitting his own guilt of dealing in contraband and telling officers where his supplier could be found and thus where additional evidence against him might be uncovered, (2) a great degree of detail which the informant revealed with respect to defendant, who was his supplier, defendant's home, and defendant's vehicle which observations were later corroborated by police, and (3) the informant's willingness to be identified by name in the affidavit and not to remain a confidential informant.

APPEAL by defendant from *Small* and *Strickland, Judges.* Order entered 7 November 1978, and judgment entered 1 March 1979 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 21 August 1979.

Defendant was charged with felonious possession of marijuana in violation of G.S. 90-95(a)(3). Pursuant to G.S. 15A-974 defendant moved the trial court to suppress evidence seized on 7 October 1978 during a search by the police of the dwelling in which he resided. The motion was based on defendant's contention that the search violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Upon the trial court's denial of the motion, defendant excepted, entered a plea of guilty to the offense charged, and gave notice of appeal. The appeal, under the provisions of G.S. 15A-979(b), raises the single question of the validity of the search warrant.

*Attorney General Edmisten by Associate Attorney Sarah C. Young, for the State.*

*Twiford, Trimpi & Thompson, by C. Everett Thompson, for defendant appellant.*

MORRIS, Chief Judge.

The sole issue presented on appeal is whether there was suf-ficient evidence before the magistrate from which he could find probable cause to issue the search warrant challenged in this case. "Probable cause, as used in the Fourth Amendment and G.S. 15-25(a) [*now see* G.S. 15A-244(2) and G.S. 15A-245], means a reasonable ground to believe that the proposed search will reveal the presence upon the premises to be searched of the objects sought and that those objects will aid in the apprehension or con-viction of the offender." *State v Campbell,* 282 N.C. 125, 128-129, 191 S.E. 2d 752, 755 (1972).

A judicial determination upholding the constitutional validity of a search warrant will be sustained so long as a substantial basis exists for the issuing magistrate to conclude contraband is probably present. *Jones v. United States,* 362 U.S. 257, 4 L.Ed. 2d 697, 80 S.Ct. 725, 78 A.L.R. 2d 233 (1960). In the case before us the issuing magistrate had the following affidavit of Elizabeth City police officers Curtis Moore and J. C. Spear before him when he authorized the search of defendant's residence.

> Affiants Curtis Moore and J. C. Spear have this date, 10/6/78 arrested Vinton B. Turnburke, a white male, age 17, who resides with his parents at 1504 Rochelle Drive, Elizabeth City, N.C., upon charges of possession of marijuana and sale of marijuana; after advising said Turnburke of his rights under the Miranda decision, affiants asked Turnburke where he had obtained the marijuana which they had just confiscated during a search of his home and vehicle and Turn-burke replied that on Monday, October 2, 1978, at approx-imately 3:30 p.m. he (Turnburke) went to the residence of "Hank" Harris, at 1707 Crescent Drive, and met "Hank" in-side of the house, going in through the garage entrance; Turnburke further stated that he at that time purchased a ½ pound quantity of marijuana from "Hank" Harris for a price of $220.00, with "Hank" leaving Turnburke standing in one of the front or living rooms of the house while "Hank" went to another room of the house and shortly returned with the marijuana contained in a brown paper bag in a loose fashion; Turnburke delivered to affiants the brown paper bag which contained the marijuana delivered to him by "Hank"; Turn-

burke further stated that he had previously purchased mari-
juana from "Hank" Harris on 3 or 4 prior occasions in smaller
quanties [sic]; Turnburke described "Hank" Harris as a young
white male who is a student at the College of the Albemarle;
affiant Spears talked with Elizabeth City Police Officer, W.
G. Williams, Jr., who said that he is personally acquainted
with "Hank" Harris and that his full and correct name is
Hilbert Walter Harris, Jr.; Moore is acquainted with
"Hank's" father, Hilbert W. Harris, Sr., who is employed as a
postman; both Turnburke and Officer Williams independently
told affiant Spears that "Hank" customarily drove a 1976 or
1977 baige [sic] or light tan Jeep; Vinton B. Turnburke also
gave affaints information concerning 6 marijuana sales which
Turnburke had made to other people out of the ½ pound of
marijuana purchased at the Harris house on 10/2/78, with
your affiant's being unaware of these transactions until Turn-
burke told them about same; that affiant Spears has caused a
"PIN" computer check run on "Hank" Harris and found that
N.C. driver's license #5147583 was issued on 1/30/76 to
Hilbert Walter Harris, Jr., with a residence of 1707 Crescent
Drive in Elizabeth City, N. C., and a date of birth of 10/28/59.

Defendant argues that the information before the magistrate
was insufficient to satisfy the two-pronged test expounded by the
United States Supreme Court in *Aguilar v. Texas*, 378 U.S. 108,
114, 12 L.Ed. 2d 723, 729, 84 S.Ct. 1509, 1514 (1964):

Although an affidavit may be based on hearsay informa-
tion and need not reflect the direct personal observations of
the affiant, *Jones v. United States*, 362 U.S. 257, the
magistrate must be informed of some of the underlying cir-
cumstances from which the informant concluded that the nar-
cotics were where he claimed they were, and some of the
underlying circumstances from which the officer concluded
that the informant . . . was "credible" or his information
"reliable".

*Accord, State v. Hayes*, 291 N.C. 293, 230 S.E. 2d 146 (1976). *See
also Spinelli v. United States*, 393 U.S. 410, 21 L.Ed. 2d 637, 89
S.Ct. 584 (1969).

There is no question in the present case that the first prong
of the *Aguilar* test has been met. The magistrate was told that

the basis of informant Turnburke's knowledge was Turnburke's own purchase of one-half pound of marijuana which Turnburke alleged occurred at the house owned by defendant's parents and in which defendant lived.

Here, the informant was identified, so there is not the "confidential informant" situation of *Aguilar* and *Spinelli*. Even so, the magistrate in the case at bar had before him circumstances from which he could reasonably conclude that the informant was credible and his information reliable. The statements of Turnburke admitting his own guilt and telling police officers where his supplier could be found and thus where additional evidence against him might be uncovered were against Turnburke's penal interest. The statements of Turnburke which implicate defendant involve the same crimes or transactions adversely affecting Turnburke's penal interest.

The Supreme Court of the United States recognized the value of such statements in determining the credibility and reliability of their source:

> These statements were against the informant's penal interest, for he thereby admitted major elements of an offense.
> . . .
>
> Common sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements. People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility—sufficient at least to support a finding of probable cause to search.

*United States v. Harris*, 403 U.S. 573, 583, 29 L.Ed. 2d 723, 734, 91 S.Ct. 2075, 2082 (1971). *Accord, State v. Beddard*, 35 N.C. App. 212, 241 S.E. 2d 83 (1978). Defendant points out that hearsay statements against penal interest, as opposed to proprietary interest, are inadmissible in evidence, and urges that they should also be held to be too unreliable to serve as a basis for finding probable cause to issue a search warrant. The fact that the defendant's out-of-court declarations against penal interest may not be admissible at trial where the State must prove the guilt of the

defendant beyond a reasonable doubt, does not preclude magistrates from considering such declarations in determining whether there is probable cause to believe contraband is present. *U.S. v. Harris*, 403 U.S. 573, 29 L.Ed. 2d 723, 91 S.Ct. 2075 (1971).

The degree of detail with which an informant reports illegal activities may also be telling about the informant's reliability. *Spinelli v. United States*, 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1969); *State v. Ellington*, 18 N.C. App. 273, 196 S.E. 2d 629 (1973), *aff'd*, 284 N.C. 198, 200 S.E. 2d 177 (1973). The informant's ability to recall detail is an indication that he actually has first-hand information about the crimes or transactions of which he claims knowledge, particularly where there is police corroboration of at least some of the informant's statements.

In the present case the affidavit revealed that informant Turnburke had stated he knew defendant was a young white male who lived at 1707 Crescent Drive in Elizabeth City, who was a student at the College of the Albemarle, and who customarily drove a 1976 or 1977 beige or light tan Jeep. The police later corroborated these observations. Turnburke also stated the details of purchasing marijuana from the defendant at the defendant's residence in the afternoon of 2 October 1978, stating the quantity and purchase price of the contraband and describing the container in which it was packaged. Turnburke knew that the house had a garage entrance. It must be concluded that a "magistrate, when confronted with such detail, could reasonably infer that the informant had gained his information in a reliable way." *Spinelli v. United States*, 393 U.S. 410, 417, 21 L.Ed. 2d 637, 644, 89 S.Ct. 584, 589 (1969).

An additional fact which could have been relied upon by the magistrate in evaluating the credibility of Turnburke's statements was that Turnburke was identified by name in the affidavit and was not a confidential informer. *Andresen v. Maryland*, 427 U.S. 463, 478, 49 L.Ed. 2d 627, 641, 96 S.Ct. 2737, 2747, n. 9 (1976). The general rule in other jurisdictions is that an affidavit for a search warrant based on information furnished by a named individual is ordinarily sufficient to support the warrant. Annot., 14 A.L.R. 2d 605, 608 (1950); *See Edwards v. Commonwealth of Kentucky*, 573 S.W. 2d 640 (Ky. Sup. Ct. 1978). That an informant is willing to give his name on the face of the af-

fidavit demonstrates his willingness to stand behind his story, thus raising the probability his information is correct.

The importance of protecting the homes of citizens of our State from the unauthorized and arbitrary intrusion of illegal searches cannot be overstressed. However, we are satisfied that in the case before us the magistrate had sufficient information before him reasonably to conclude that the informant's information was reliable and, based on this information, to issue a search warrant. This would be true even had the informant been a confidential informant.

No error.

Judges MARTIN (Robert M.) and WEBB concur.