STATE OF NORTH CAROLINA v. KEITH EUGENE COLLINS

No. 8121SC657

(Filed 16 March 1982)

**1. Searches and Seizures § 23— search warrant—sufficiency of officer's affidavit**

  An officer's affidavit to obtain a search warrant contained sufficient information for the issuing official to determine that there were reasonable grounds to believe that illegal drugs were present in the house to be searched where the officer alleged that he observed another person go into the house with instructions to buy LSD and come out three or four minutes later with several "hits" of "star acid" which he gave to the officer.

**2. Searches and Seizures § 24— observation of informant's acts—showing of reliability unnecessary—admission against penal interest**

  Where undercover officers observed an informant go to defendant's house with instructions to purchase LSD and come out three or four minutes later with LSD which he gave to the officers, one officer's affidavit to obtain a warrant to search defendant's house was not based on hearsay, and it was not necessary for the affidavit to set forth facts showing the credibility of the informant or the reliability of the information, notwithstanding the officers failed to search the informant before he entered defendant's house. Furthermore, the informant's statement to the officers that he could procure LSD for them and his acquisition of LSD amounted to an admission against penal interest which showed that his information was reliable even though the informant did not know that the officers were policemen at the time he obtained the LSD.

**3. Narcotics § 4.3— constructive possession of marijuana—sufficiency of evidence**

  The State's evidence was sufficient for the jury to find that marijuana was found in a house under the control of defendant and that he thus had constructive possession of the marijuana where it tended to show that defendant rented the house; defendant was seen at the house every day; defendant was seen moving furniture out of the house subsequent to a search which discovered marijuana; defendant was responsible for the cost of water service to the house; and defendant received mail addressed to him at the house.

APPEAL by defendant from *Seay, Judge.* Judgment entered 6 March 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 7 December 1981.

  Defendant was arrested on 18 October 1980 in Winston-Salem pursuant to a search of the house he rented. The search was conducted upon the issuance of a warrant, and property was seized by the officers. Defendant was charged with felonious possession of marijuana and possession of a hypodermic needle and syringe. He moved to suppress the evidence on the grounds that the facts

set forth in the application for the warrant failed to establish probable cause for the search.

Evidence adduced at the hearing on the motion to suppress tended to show that on 18 October Detectives J. D. Pittman and V. J. Hutcherson of the Winston-Salem Police Department met a person known to them as Mike Smith. Smith said he could get them some LSD for $3 a "hit." Smith, unaware that the men were police officers, accompanied them in their car to the intersection of Patria and Limina Streets, where he was given money and told to purchase some LSD. The officers, parked approximately 75 feet away, watched Smith walk into a house at 2722 Patria Street and close the door. He emerged from the house in approximately three or four minutes, returned to the officer's vehicle and gave Officer Pittman six "hits" of "star acid" and some change. He told Officer Pittman that he had made the purchase from someone known as "K.C." and indicated that the person who sold the LSD had some more. A warrant was issued to search the house on Patria Street for LSD. No LSD was found in the house, but bags of marijuana and a needle and syringe were discovered.

The motion to suppress was denied. Defendant was found not guilty of possession of a hypodermic needle and syringe, but he was convicted of felonious possession of marijuana in violation of G.S. 90-95(a)(3). He appeals from a judgment of imprisonment.

*Attorney General Edmisten, by Associate Attorney Reginald L. Watkins, for the state.*

*Badgett, Calaway, Phillips, Davis, Stephens, Peed and Brown, by B. Ervin Brown, II, for defendant appellant.*

MORRIS, Chief Judge.

Defendant contends that his motion to suppress should have been granted. He asserts that the trial court's denial of the motion deprived him of his Fourth and Fourteenth Amendment right to be free from unreasonable search and seizure. Specifically, defendant argues that the application for the search warrant did not satisfy the two-pronged test of *Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964), because the issuing official was not sufficiently informed of the underlying circumstances from which the informant, Smith, concluded that there was con-

traband on the premises, and because there was no showing that Smith was a credible informer or his information reliable.

> "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, *Jones v. United States*, 362 U.S. 257, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see *Rugendorf v. United States*, 376 U.S. 528, was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' *Giordenello v. United States*, supra, [357 U.S.] at 486; *Johnson v. United States*, supra, [333 U.S.] at 14, or, as in this case, by an unidentified informant." 378 U.S. at 114-15, 12 L.Ed. 2d at 729, 84 S.Ct. at 1514.

Quoted in *State v. Hayes*, 291 N.C. 293, 298, 230 S.E. 2d 146, 149 (1976).

In the case *sub judice*, the issuing official had before him the affidavit of Detective Hutcherson, which we quote in part:

> The applicant swears to the following facts to establish probable cause for the issuance of a search warrant: I am Detective V. J. Hutcherson of the Winston-Salem Police Dept. and as such, am empowered to search for and seize contraband as described in North Carolina General Statutes, Chapter #90. On Saturday, 10-18-80, at approximately 1630 hours, I was contacted by a white male known to me as "Mike". Mike stated that he could obtain some acid for me for $3.00 a hit. I advised Mike that I would like to purchase some acid. Mike got in my vehicle and directed me to 2722 Patria Street. I parked my vehicle at the intersection of Patria Street and Lemly Street. I gave Mike $20.00 and asked him to purchase me five hits. Mike left the vehicle and walked south to the above described location on Patria Street. I personally observed Mike enter the dwelling on Patria Street. In approximately four minutes, Mike exited from the same loca-

tion and walked directly back to my vehicle. Mike handed over $2.00 change and (6) hits of star acid. Mike stated that the person who sold him the acid had some more if I wanted to buy some more. Mike was then transported to a location and released.

An affidavit is generally deemed sufficient "if it supplies reasonable cause to believe that the proposed search for evidence of the commission of the designated criminal offense will reveal the presence upon the described premises of the objects sought and that they will aid in the apprehension or conviction of the offender." *State v. Vestal,* 278 N.C. 561, 576, 180 S.E. 2d 755, 765 (1971).

[1] We hold that Detective Hutcherson's affidavit contains facts sufficient for the issuing official to determine that there were reasonable grounds to believe that illicit drugs were present in the house on Patria Street. The personal observation of the officers was enough to sustain the finding of probable cause necessary for the issuance of a warrant. Detective Hutcherson averred that he observed Smith go into the house with instructions to buy LSD, and come out three or four minutes later with several "hits" of "star acid" which he gave to Hutcherson. This Court, in *State v. McLeod,* 36 N.C. App. 469, 244 S.E. 2d 716, *cert. denied,* 295 N.C. 555, 248 S.E. 2d 733 (1978), found in reference to an officer's affidavit containing an observation nearly identical to the one made by Hutcherson, that "[n]o more information was required in order to establish the probable cause necessary to support the search warrant issued. . . ." *Id.* at 472, 244 S.E. 2d at 719. Therefore, with cognizance of the *Aguilar* test, "[w]e find the personal observations of the police officer as set forth in the affidavit in the case sub judice [sufficient] to meet the first 'prong' of the test." *Id.*

[2] Defendant also asserts, however, that the second or "veracity prong" of the test was not satisfied in the case before us, because the affidavit contains no facts from which the issuing official could imply that the informant was credible or his information reliable. We disagree on two grounds. First, the affidavit does not rest on hearsay. "Even though the affidavit contained some information which may have come from an . . . informant, . . . the credibility of the informant or the reliability of such information need only

be shown when it is necessary that such hearsay be relied upon in finding the requisite probable cause." *Id.; see Spinelli v. United States*, 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1969). As indicated above, the facts here, as in *McLeod*, do not set forth circumstances requiring such reliance, and the second prong of *Aguilar* does not come into play.

Even were the second prong of the *Aguilar* test applicable here, Smith's statement that he could procure LSD for the officers and his acquisition of the drug amounted to an admission against penal interest, *United States v. Harris*, 403 U.S. 573, 29 L.Ed. 2d 723, 91 S.Ct. 2075 (1971); *State v. Harris*, 43 N.C. App. 184, 258 S.E. 2d 415 (1979); *State v. Tickle*, 37 N.C. App. 416, 246 S.E. 2d 34 (1978); *State v. Beddard*, 35 N.C. App. 212, 241 S.E. 2d 83 (1978), showing his information to be reliable. Defendant maintains that Smith's actions in obtaining the LSD did not serve as a declaration against penal interest because he did not know that Hutcherson and Pittman were police officers. Yet "[i]t should not be assumed . . . that an admission against penal interest can be used to establish reliability only when that admission is made directly to a law enforcement officer, for that is not the case." W. LaFave, 1 Search and Seizure § 3.3 at 530 (1978). We conclude that there is as much or more reason to rely on Smith's unmindful admission than on a statement made knowingly to police. The Supreme Court of Minnesota, citing LaFave, held, in a case similar on its facts, that an informant who offered to sell stolen property to a police officer, whom the informant did not know was a law enforcement official, had committed a crime; and, therefore, the informant's statements were against his penal interest. *State v. Wiberg*, --- Minn. ---, 296 N.W. 2d 388 (1980). Smith was not a paid police informer, nor was he promised any sort of inducement to speak. He had no motive to lie and his words were spoken in circumstances consistent with their reliability. It does not matter that the informer spoke directly to undercover police officers whose real identities were unknown to him.

Defendant argues that the informer's reliability was compromised by the failure of the police to search him before he entered the house on Patria Street, as he may have had the LSD on his person prior to entering the house rather than having bought it there. The argument is unconvincing, however. The in-

vestigation of the case was conducted surreptitiously. Smith's lack of knowledge as to the officers' identity, which enhanced his credibility, obviously rendered it impossible for Hutcherson or Pittman to search him before he entered the house to make the drug purchase without revealing themselves as officers. We held in *State v. McLeod*, supra, that even in situations in which officers conduct "controlled buys" of narcotics, failure to search the individual making the purchase prior to its actually being made and specifically setting forth the fact in the affidavit by which a search warrant is sought is not fatal.

[3] Defendant contends that the evidence presented at trial was not sufficient to sustain his conviction in that it did not establish actual or constructive possession of the marijuana. On the contrary, we find plenary evidence of possession.

According to a next door neighbor, defendant was a renter whom she saw every day. There was evidence that defendant had paid rent, and he was seen moving furniture out of the house subsequent to the 18 October search. Further, evidence tending to show constructive possession of marijuana included a document showing defendant's assumption of liability for water service for the house with the billing and service address being 2722 Patria Street, a request dated 4 November to discontinue water service indicating that defendant would no longer be liable, a water bill for the period 19 August to 4 November 1980 indicating defendant was the party billed, and an envelope from a law firm addressed to defendant at 2722 Patria Street. We think this evidence sufficient to show defendant had the power and intent to control the disposition or use of the confiscated marijuana so as to have it in his constructive possession. See *State v. Cockman and Lucas*, 20 N.C. App. 409, 201 S.E. 2d 740, *cert. denied* 285 N.C. 87, 203 S.E. 2d 61 (1974). The fact that the marijuana was found on premises under the control of defendant, "in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." *State v. Harvey*, 281 N.C. 1, 12, 187 S.E. 2d 706, 714 (1972).

In defendant's trial and the judgment of the court, we find

No error.

Judges HEDRICK and MARTIN (Robert M.) concur.