STATE OF NORTH CAROLINA v. DAVID WARREN, EDWARD WILLIAMS
AND EARL LEON WILLIAMS

No. 8219SC1046

(Filed 5 April 1983)

1. Searches and Seizures § 24— confidential informant—sufficiency of application for search warrant

An affidavit for a warrant to search for lottery tickets based upon information received from a confidential informant was sufficient to establish reasonable grounds to believe that contraband was present in the place to be searched and to establish the reliability of the informant where it showed that the informant twice went to the described premises and bought tickets from one defendant; the informant specified the number of tickets bought and, on one occasion, the price paid; all three defendants were present on both occasions; the second purchase occurred the day before the search warrant was issued and executed; and the informant had furnished information in the past which led to the seizure of drugs or the recovery of stolen property and which led to arrests.

2. Searches and Seizures § 45— motion to suppress—necessity for hearing

Defendant was not prejudiced when the trial court denied a motion to suppress prior to hearing evidence where the record shows that the court thereafter retracted its ruling, heard evidence, made findings of fact, and ruled on the motion. G.S. 15A-977(d).

3. Criminal Law § 84; Searches and Seizures § 43—  nexus between defendants and seized evidence

A sufficient nexus was established between defendants and seized lottery tickets to survive a motion to suppress the tickets where the evidence tended to show that defendants were standing behind a counter in a trailer when officers conducting the search entered the trailer and began standing in a line of people; while standing in line, an officer observed one defendant give a package of lottery tickets to a person in exchange for money; and many of the items seized were on, beneath, or behind the counter behind which defendants were standing.

4. Gambling § 3— possession of illegal punchboards—sufficiency of criminal summons

A criminal summons alleging that defendant "did unlawfully, willfully, have in his control, possession of illegal punchboards at which games of chance shall be played" sufficiently charged defendant with the offense of possession of illegal punchboards in violation of G.S. 14-295 without an allegation that defendant operated these devices.

APPEAL by defendants from *McConnell, Judge.* Judgments entered 18 May 1982 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 17 March 1983.

Defendants were convicted in district court of dealing in lotteries. Defendant Edward Williams was also convicted of keeping illegal punchboards.

On appeal to superior court defendants pled guilty to the charges after the court denied their motions to suppress evidence seized pursuant to a search warrant, and denied defendant Edward Williams' motion to quash the warrant for possession of illegal punchboards. The court sentenced each defendant to six months imprisonment.

Defendants appeal from denial of their motions to suppress. Defendant Edward Williams also appeals from denial of his motion to quash the warrant charging possession of illegal punchboards.

*Attorney General Edmisten, by Associate Attorney K. Michele Allison, for the State.*

*Bell & Browne, P.A., by Charles T. Browne, and The Legal Center, by C. Richard Tate, Jr., for defendant appellants.*

WHICHARD, Judge.

[1] Defendants contend the affidavit underlying the warrant was insufficient because it failed to provide sufficient underlying facts and circumstances from which the magistrate could determine the informant's basis of knowledge and credibility. We disagree.

> An "affidavit is sufficient if it supplies *reasonable cause to believe that the proposed search for evidence of the commission of the designated criminal offense will reveal the presence upon the described premises of the objects sought* and that they will aid in the apprehension or conviction of the offender." *State v. Vestal,* 278 N.C. 561, 575-76, 180 S.E. 2d 755, 765 (1971). (Emphasis supplied.) To supply reasonable cause to believe the objects sought are on the described premises, the affidavit supporting a search warrant must provide the magistrate with underlying circumstances from which to judge the validity of the informant's conclusion that the articles sought are at the place to be searched. [Citations omitted.]

*State v. Whitley,* 58 N.C. App. 539, 542, 293 S.E. 2d 838, 840, *disc. review denied,* 306 N.C. 750, 295 S.E. 2d 763 (1982).

The affidavit here stated the following:

> The applicant swears to the following facts to establish probable cause for the issuance of a search warrant: Acting on instructions from the applicant a confidential and reliable source has visited the location described above and purchased baseball lottery tickets on Sat. August 22, 1981, for $2.00, "ticket number 2969G", from Ed or Earl Williams, Ed and Earl was selling baseball lottery tickets, David Warren was sitting in a chair. This confidential and reliable source purchased baseball lottery tickets on Monday, Sept. 1, 1981, ticket number "71443", from one of the Williams brothers. This confidential source does not know Ed and Earl Williams apart by first names, David Warren was talking on the phone. The confidential and reliable source has purchased baseball lottery tickets within the last 48 hours. This applicant has received information from several different sources that . . . Edward Lee Williams and Earl Leon Williams and David Edgar Warren, were selling baseball lottery tickets and gambling at the above described location.
>
> Applicant knows that Edward Lee Williams, and Earl Leon Williams, and David Edgar Warren, has a prior criminal record for selling and possession of lottery tickets.
>
> This confidential and reliable source is reliable because this source has furnished this applicant with reliable information in the past that led to the recovery of stolen property and the searches of several Randolph County residences that resulted in the seizure of known drugs, and led to felony and misdemeanor arrest.

The affidavit thus showed that the informant twice went to the described premises and bought tickets from one of the Williams brothers. The informant specified the number of tickets bought and, on one occasion, the price paid. On both occasions all three defendants were present.

The second purchase occurred the day before the search warrant was issued and executed. The informant thus had reasonably current knowledge that defendants had possessed and sold lottery tickets. Since the informant had purchased tickets almost two weeks before, and within forty-eight hours of, issuance of the war-

rant, there was sufficient basis for finding a reasonable probability that lottery tickets were then on the described premises.

The affidavit also stated that the informant was reliable because the informant had furnished information in the past which led to the search and seizure of drugs or the recovery of stolen property, and which led to arrests. This was sufficient to establish the informant's reliability and credibility. *See State v. Altman*, 15 N.C. App. 257, 259, 189 S.E. 2d 793, 795, *cert. denied*, 281 N.C. 759, 191 S.E. 2d 362 (1972). Since the affidavit need only contain facts from which the magistrate could establish reasonable grounds to believe that contraband was present in the place to be searched, it did not have to establish which of the individuals in that place were engaged in the criminal activity. *State v. McLeod*, 36 N.C. App. 469, 474, 244 S.E. 2d 716, 720, *disc. review denied*, 295 N.C. 555, 248 S.E. 2d 733 (1978).

The affidavit thus supplied "reasonable cause to believe that the proposed search for evidence of the commission of the designated criminal offense [would] reveal the presence upon the described premises of the objects sought . . . ." *State v. Whitley, supra.* Defendants' contention that the affidavit was insufficient is without merit.

Defendants contend the search of defendant David Warren's automobile was outside the scope of the search warrant and thus illegal. There was uncontradicted evidence, however, that defendants voluntarily consented to the search. The evidence obtained from the search thus was competent, and defendants cannot complain that their constitutional rights were violated. *State v. Jolly*, 297 N.C. 121, 124-25, 254 S.E. 2d 1, 4 (1979).

[2] Defendants contend the court erred by denying the motion to suppress prior to hearing evidence. The record indicates that the court did do this initially, but then retracted its ruling, heard evidence, made findings of fact, and ruled on the motion. It thus fully complied with the requirements of G.S. 15A-977(d). Defendants presented no evidence, and the State's evidence fully supported the findings made. Defendants thus have failed to show prejudicial error.

[3] Defendants contend that no adequate or lawful connection was made between them and the items seized. The evidence tends

State v. Warren

to show that defendants were standing behind a counter when the officers conducting the search entered the trailer and began standing in a line of people. While standing in line, an officer observed one of the defendants give a package of lottery tickets to a person in exchange for money. This sufficed to establish operation of a business. Many of the items seized were on, beneath, or behind the counter behind which defendants were standing. Generally, persons behind the counter of a business are in control of items on or about that counter. It was thus reasonable to conclude that defendants were in control of the lottery items seized from the counter area. Lottery tickets were also found in defendant David Warren's car. This evidence clearly sufficed to establish a nexus between defendants and the evidence seized.

[4]   Finally, defendant Edward Williams contends the court erred in denying his motion to quash the criminal summons charging him with possession of illegal punchboards, in violation of G.S. 14-295. The basis of his contention is that the summons does not charge that he operated these devices.

G.S. 14-295 provides in pertinent part:

> If any person shall establish, use or keep . . . an illegal punchboard . . . at which games of chance shall be played, he shall on conviction thereof be fined not less than two hundred dollars ($200.00) and shall be imprisoned not less than 30 days . . . .

The summons charged that Williams "did unlawfully, willfully, have in his control, possession of illegal punchboards at which games of chance shall be played . . . in violation of the following law: G.S. 14-295." It closely followed the language of G.S. 14-295 and was clearly sufficient to charge a violation thereof. The statute prohibits establishing, using or keeping an illegal punchboard. Actual operation of the device is not an element of the offense.

Affirmed.

Judges HEDRICK and BRASWELL concur.