STATE OF NORTH CAROLINA v. RONALD LEE HAMLIN

No. 774SC1043

(Filed 6 June 1978)

**Searches and Seizures § 23— affidavit supporting search warrant—sufficiency**

> An officer's affidavit supplied sufficient facts and circumstances from which a magistrate could find probable cause to issue a search warrant where the affidavit stated that officers had received information that phencyclidine was being sold at a certain place; officers set up a controlled purchase from defendant; officers watched their operative go in and come out of the named place; and the officers took possession of the purchased phencyclidine.

APPEAL by the State of North Carolina from *Browning, Judge.* Judgment entered 17 November 1977, in Superior Court, ONSLOW County. Heard in the Court of Appeals 7 April 1978.

Defendant was charged upon a proper bill of indictment with the felonious manufacture of marijuana and the felonious possession with intent to manufacture, sell, and deliver marijuana, a controlled substance. The charges arose as a result of the seizure of marijuana plants found during a search conducted under a search warrant issued to officers of the Jacksonville Police Department. Before trial, the defendant, through his attorney, moved to suppress the fruits of the search on the grounds that the affidavit portion of the search warrant was insufficient to establish probable cause. The court allowed defendant's motion and issued an order suppressing the evidence obtained by the search. The State appealed.

*Attorney General Edmisten, by Assistant Attorney General James Wallace, Jr., for the State.*

*Bailey and Raynor, by Edward G. Bailey, for defendant appellee.*

ARNOLD, Judge.

The State contends that the trial court erroneously suppressed evidence obtained under the search warrant. The question presented by this appeal is whether the affidavit supplied sufficient facts and circumstances from which a magistrate could find probable cause to issue a search warrant. We hold that it did.

In reviewing the magistrate's determination of probable cause, we are limited in the scope of our examination by G.S. 15A-245(a). Since we are unable to find in the record other facts recorded contemporaneously with the affidavit, our examination is confined to the affidavit of Officer J. S. Phillips who signed the following statement:

"The applicant swears to the following facts to establish probable cause for the issuance of a search warrant: The Special Operations Division has received information that Phencyclidine (PCP) is being sold at said place. On September 9, 1977 an operative working under supervision of Special Operations Agents Phillips and Toth, made a controlled purchase of PCP from Ron Hamlin at said place. Said purchase was controlled by Special Operations Agents Phillips and Toth by watching said operative go in and come out of said place. SOD Agent Phillips took custody of the purchased evidence. Said phencyclicine is in the form of pink tablets."

Generally, in an application for a search warrant, the affidavit is deemed sufficient

"[I]f it supplies reasonable cause to believe that the proposed search for evidence of the commission of the designated criminal offense will reveal the presence upon the described premises of the objects sought and that they will aid in the apprehension or conviction of the offender." *State v. Vestal*, 278 N.C. 561, 576, 180 S.E. 2d 755, 765 (1971), *cert. denied sub nom Vestal v. North Carolina*, 414 U.S. 874, 38 L.Ed. 2d 114, 94 S.Ct. 157 (1973).

North Carolina cases which deal with the issue of the sufficiency of an affidavit to support a search warrant have been reviewed. *See, e.g. State v. Campbell*, 282 N.C. 125, 191 S.E. 2d 752 (1972); *State v. Oldfield*, 29 N.C. App. 131, 223 S.E. 2d 569, *cert. denied* 290 N.C. 96, 225 S.E. 2d 325 (1976); *State v. English*, 27 N.C. App. 545, 219 S.E. 2d 549 (1975); *State v. Foye*, 14 N.C. App. 200, 188 S.E. 2d 67 (1972); *State v. Flowers*, 12 N.C. App. 487, 183 S.E. 2d 820, *cert. denied* 279 N.C. 728, 184 S.E. 2d 885 (1971). Most of these cases deal with search warrants which were issued upon affidavits in which information was obtained from confidential informants. Such search warrants are generally attacked on the

ground that there are insufficient statements of underlying cir-
cumstances to justify a finding that the informant is reliable and
that probable cause exists. In the present case, however, the ini-
tial hearsay statement in the affidavit, that the Special Opera-
tions Division (SOD) had received information of the sale of PCP,
is not the focal point of the sworn statement. Information con-
tained in the officer's affidavit describes a controlled purchase at
the premises to be searched. Two SOD officers observed the
operative go into the place and come out with PCP of which one
of the officers took custody.

Defendant moved to suppress evidence obtained from the
search on the grounds that the search warrant was invalid in that
the affidavit contained therein was "insufficient for the finding of
probable cause for the issuance of . . . [the] search warrant." That
is defendant's sole argument on this appeal. We find no
significance in defendant's argument that the affiant made two
conclusory statements ("On September 9, 1977, an operative . . .
made a controlled purchase of PCP from Ron Hamlin at said
place." and "Said Phencyclidine is in the form of pink tablets.").
Furthermore, although defendant argues that the affiant made an
unsupported hearsay statement, he concedes that such affidavits
may be based on hearsay information. *Jones v. U.S.*, 362 U.S. 257,
4 L.Ed. 2d 697, 80 S.Ct. 725 (1960). He contends, nevertheless,
that, under *Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed. 2d 723, 84
S.Ct. 1509 (1964), the magistrate must be informed of some of the
circumstances underlying the hearsay so that he may determine
that the source of the hearsay is reliable. But in the instant case
the affidavit did not stop with the hearsay statement that "The
Special Operations Division has received information that Phen-
cyclidine (PCP) is being sold at said place." The affiant further
detailed the controlled purchase which was made on the same day
the warrant was issued.

In view of our case law and close analysis of the affidavit
with which we are presented, we conclude that the affidavit sup-
plied a "reasonable ground of suspicion, supported by cir-
cumstances sufficiently strong in themselves to warrant a
cautious man in believing the accused to be guilty. . . ." *State v.
Harris*, 279 N.C. 307, 311, 182 S.E. 2d 364, 367 (1971).

The trial court's order suppressing evidence was error and, the case is

Reversed and remanded.

Judges MORRIS and MARTIN concur.