STATE OF NORTH CAROLINA v. JOHN P. LEDBETTER

No. 9421SC380

(Filed 5 September 1995)

**Searches and Seizures § 109 (NCI4th)— purchase of controlled substance from confidential informant within six days—sufficiency of affidavit to support issuance of search warrant**

Probable cause existed for issuance of a search warrant where a confidential informant made a purchase of cocaine from defendant at his residence; the officer's affidavit gave a precise and detailed recitation of his observations regarding the controlled purchase; and the statement that the one-time controlled

purchase occurred within six days of the application for the search warrant was placed in the affidavit in an effort to conceal the identity of the informant and did not render the controlled purchase stale from the passage of time.

**Am Jur 2d, Searches and Seizures § 124.**

**Search warrant: sufficiency of showing as to time of occurrence of facts relied on. 100 ALR2d 525.**

Appeal by defendant from judgment entered 3 February 1994 by Judge William H. Freeman in Forsyth County Superior Court. Heard in the Court of Appeals 31 January 1995.

*Attorney General Michael F. Easley, by Associate Attorney General William B. Crumpler, for the State.*

*Marilyn E. Massey for defendant-appellant.*

JOHN, Judge.

Defendant pled guilty to charges of trafficking in cocaine, possession with intent to sell and deliver heroin, maintaining a dwelling for the purposes of violating the Controlled Substances Act, and possession of drug paraphernalia. He was sentenced to a term of fourteen (14) years imprisonment in addition to a fine of $100,000.00.

Pursuant to N.C. Gen. Stat. § 15A-979(b) (1988), defendant appeals the trial court's denial of his motion to suppress certain evidence. He contends the trial court erred because there existed no probable cause for the issuance of a search warrant. For the reasons set forth herein, we find defendant's argument unpersuasive.

The State's evidence presented at the hearing on defendant's motion to suppress tended to show the following: On 9 July 1993, Detective H. C. Gray of the Forsyth County Sheriff's Department (Gray) received information from a confidential informant concerning illegal drug activity at 25 Monmouth Street in Winston-Salem. Gray had previously received a similar report of suspected narcotics activity at the same address through Crimestoppers. The report to Crimestoppers disclosed the possible sale of cocaine at that location, and further indicated the residence belonged to defendant.

Gray thereafter initiated a controlled purchase of narcotics through the informant at the suspected address. The confidential source was searched prior to entering the premises and given a sum

STATE v. LEDBETTER

[120 N.C. App. 117 (1995)]

of money which was marked and labelled. This individual had previously negotiated similar purchases under supervision of the Sheriff's Department, and such assistance had "led to several search warrants and several felony arrests."

Officers observed the informant enter defendant's residence, remain inside momentarily, and then return to the officers' location. At that time, the informant handed Gray "one baggie" containing a substance which was field tested at the scene and determined to be cocaine. The informant told Gray the cocaine had been obtained from defendant.

Gray thereafter applied for a search warrant. In an affidavit submitted to the Deputy Clerk of Superior Court, Gray stated *inter alia* the following:

> Within six days prior to the making of this application for this search warrant, the applicant received information from a person known to officers of the Forsyth County Sheriff's Department Vice and Narcotics, who fears for his/her safety should his/her name become known. . . .

> To the applicant's knowledge, this confidential and reliable source has never given false information to any law enforcement officer. This confidential and reliable [source] has admitted to the use of and is familiar with, cocaine. The confidential and reliable source has, in the past, purchased marijuana from individuals who are currently under investigation by the Forsyth County Sheriff's Department's Vice and Narcotics Division.

> In the six days prior to the making of this application for this search warrant, the applicant met with the confidential and reliable source for the purpose of making a controlled purchase of cocaine in accordance with the procedures used by the Forsyth County Sheriff's Department Vice and Narcotics Division to assure that no controlled substances were on his person. . . .

> The confidential and reliable source was clearly observed driving to 25 Monmouth Street and entering same. Visual surveillance was maintained on the confidential and reliable source by the applicant until he went to 25 Monmouth Street, Winston-Salem, North Carolina.

> During the time that the confidential and reliable source was in 25 Monmouth Street, Winston-Salem, North Carolina, no other per-

STATE v. LEDBETTER

[120 N.C. App. 117 (1995)]

sons entered or left 25 Monmouth, Winston-Salem, NC. Visual surveillance was maintained until the confidential and reliable source exited 25 Monmouth Street, Winston-Salem, NC and returned to a predetermined location where the applicant met him. At that time the confidential and reliable source turned over a quantity of cocaine. This substance was alter field tested by the applicant and the results indicated the presence of cocaine, a Schedule II controlled substance under the North Carolina Controlled Substance Act.

For [the] above stated reasons, the applicant believes that the Schedule II controlled substance marijuana, is being sold and stored from 25 Monmouth Street, Winston-Salem, NC. . . .

A search warrant was subsequently issued for 25 Monmouth Street and executed 9 July 1993. At the residence, officers discovered scales, plastic baggies containing crack cocaine, plastic baggies containing heroin, cash money, pipes customarily used for smoking crack cocaine, hypodermic needles, and numerous weapons. Additionally, they recovered a box of Arm & Hammer Baking Soda tainted with over 200 grams of cocaine. Defendant voluntarily stated to the officers that the controlled substances and contraband found belonged to him. Defendant was arrested and indicted on the charges to which he later pled guilty.

On 17 September 1993, defendant moved to suppress the items seized as a result of the search, alleging the warrant was invalid. *See* N.C. Gen. Stat. § 15A-974 (1988). The trial court denied defendant's motion in open court 1 February 1994, concluding "that under the totality of the circumstances there was probable cause set forth in the affidavit for the issuance of a search warrant" and "that none of the defendant's constitutional rights under the North Carolina constitution or the United States constitution or any of his statutory rights were violated by the issuance of the search warrant or by the subsequent search and seizure."

Defendant gave notice of appeal to this Court 1 February 1994.

Defendant's sole contention on appeal is "that the evidence as a whole, in the present case, did not provide a substantial basis for concluding that probable cause exist[ed]" for issuance of a search warrant. We disagree.

The standard for a court reviewing the issuance of a search warrant is "whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton*, 466 U.S. 727, 728, 80 L. Ed. 2d 721, 724 (1984).

N.C. Gen. Stat. § 15A-244 (1988) states an application for a search warrant must contain the following:

> (2) A statement that there is probable cause to believe that items subject to seizure under G.S. 15A-242 may be found in or upon a designated or described place, vehicle, or person; and

> (3) Allegations of fact supporting the statement. The statements must be supported by one or more affidavits particularly setting forth the facts and circumstances establishing probable cause to believe that the items are in the places or in the possession of the individuals to be searched; . . . .

Whether an applicant has submitted sufficient evidence to establish probable cause to issue a search warrant is a "nontechnical, common-sense judgment[] of laymen applying a standard less demanding than those used in more formal legal proceedings." *Illinois v. Gates*, 462 U.S. 213, 235-36, 76 L. Ed. 2d 527, 546, *reh'g denied*, 463 U.S. 1237, 77 L. Ed. 2d 1453 (1983). "The affidavit [in support of an application for a search warrant] is sufficient if it supplies reasonable cause to believe that the proposed search for evidence probably will reveal the presence upon the described premises of the items sought and that those items will aid in the apprehension or conviction of the offender." *State v. Arrington*, 311 N.C. 633, 636, 319 S.E.2d 254, 256 (1984) (citing *State v. Riddick*, 291 N.C. 399, 230 S.E.2d 506 (1976)).

In *Gates*, the United States Supreme Court adopted a "totality of the circumstances" test:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Gates*, 462 U.S. at 238-39, 76 L. Ed. 2d at 548 (quoting *Jones v. United States*, 362 U.S. 257, 271, 4 L. Ed. 2d 697, 708 (1960)). Moreover, great deference is to be paid the magistrate's determination of probable

**STATE v. LEDBETTER**

[120 N.C. App. 117 (1995)]

cause, and reviewing courts "should not conduct a *de novo* review of the evidence to determine whether probable cause existed at the time the warrant was issued." *State v. Greene,* 324 N.C. 1, 9, 376 S.E.2d 430, 436 (1989), *vacated on other grounds,* 494 U.S. 1022, 108 L. Ed. 2d 603 (1990) (citations omitted).

Defendant argues at length in his appellate brief regarding the applicability of cases dealing with search warrants issued upon affidavits in which information was obtained from confidential informants. We conclude the search warrant herein was issued in reliance upon recitation in the affidavit of a controlled purchase of cocaine. Therefore, both defendant's argument and the cases he cites are inapposite, and other decisions from this Court control.

In *State v. McLeod,* 36 N.C. App. 469, 244 S.E.2d 716, *disc. review denied,* 295 N.C. 555, 248 S.E.2d 733 (1978), for example, the State appealed the trial court's allowance of defendant's motion to suppress evidence seized during a search pursuant to a search warrant. *Id.* at 471, 244 S.E.2d at 718; *see* N.C. Gen. Stat. § 15A-979(c) (1988). The officer's affidavit attached to the search warrant application detailed a controlled purchase of narcotics at the premises in question. *Id.* at 471-72, 244 S.E.2d at 718. This Court reversed the trial court, stating:

> We find the information in the affidavit . . . relative to the purchase . . . of marijuana from the building to be searched, *sufficient, standing alone,* to show the probable cause necessary to support the search warrant issued . . . [The affiant officer] related that he and another officer . . . observed a person go into the building, for which the search warrant was issued, and come out with approximately one ounce of marijuana which the person then gave to [the affiant officer]. This person had been previously sent into the building by the officers for the purpose of buying marijuana. *No more information was required in order to establish the probable cause necessary to support the search warrant issued by the magistrate.*
>
> . . . .
>
> *The fact that the person sent into the building to buy marijuana was an informant does not,* in itself, alter the nature of the officer's personal observations and *render this a search warrant issued upon the hearsay statement of a confidential informant for purposes of determining probable cause.*

*Id.* at 472-73, 244 S.E.2d at 718-19 (emphasis added) (citation omitted).

In *State v. Hamlin*, 36 N.C. App. 605, 244 S.E.2d 481 (1978), the search warrant applicant's affidavit stated:

> The Special Operations Division has received information that Phencyclidine (PCP) is being sold at said place. On September 9, 1977 an operative working under supervision of Special Operations Agents [affiant] and Toth, made a controlled purchase of PCP from [defendant] at said place. Said purchase was controlled by [affiant] and Toth by watching said operative go in and come out of said place. [Affiant] took custody of the purchased evidence.

*Id.* at 606, 244 S.E.2d at 482.

Defendant's motion to suppress had been allowed by the trial court on grounds the affidavit was insufficient to establish probable cause. *Id.* at 605, 244 S.E.2d at 481. This Court disagreed, pointing out that

> [i]n the present case, . . . *the initial hearsay statement in the affidavit,* that the Special Operations Division (SOD) had received information of the sale of PCP, *is not the focal point of the sworn statement.* Information contained in the officer's affidavit describes a controlled purchase at the premises to be searched. Two SOD officers observed the operative go into the place and come out with PCP of which one of the officers took custody.

*Id.* at 607, 244 S.E.2d at 482 (emphasis added). We held the affidavit "supplied a 'reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty . . . .' " *Id.* at 607, 244 S.E.2d at 482 (quoting *State v. Harris*, 279 N.C. 307, 311, 182 S.E.2d 364, 367 (1971)).

In the case *sub judice*, Gray's affidavit similarly contained the statement he had received information from a confidential informant and thereafter described the controlled purchase of narcotics at the premises to be searched. As in *Hamlin*, Gray's statement he had "received information" was not the "focal point" of his affidavit, but rather his precise and detailed recitation of his observations regarding the controlled purchase. This latter component of Gray's affidavit

is sufficient, under both *Hamlin* and *McLeod*, to establish that the warrant was issued upon probable cause. The trial court therefore did not err in denying defendant's motion to suppress as the Deputy Clerk of Court possessed a " 'substantial basis for . . . conclud[ing]' that probable cause existed." *Gates*, 462 U.S. at 238-39, 76 L. Ed. 2d at 548 (citation omitted).

Notwithstanding, defendant argues the evidence of the controlled purchase was stale from the passage of time. This contention fails.

"When evidence of previous criminal activity is advanced to support a finding of probable cause, a further examination must be made to determine if the evidence of the prior activity is stale." *State v. McCoy*, 100 N.C. App. 574, 577, 397 S.E.2d 355, 358 (1990). " '[A] one-shot type of crime, such as a single instance of possession or sale of some contraband, will support a finding of probable cause only for a few days at best.' " *Id.* (quoting LaFave, *Search and Seizure*, § 3.7(a) at 78).

Gray's affidavit stated the one-time controlled purchase of cocaine from defendant's residence occurred within the six days prior to the date of application for the search warrant. While Gray explained at the suppression hearing that the time period of six days was placed in his affidavit in an effort to conceal the identity of the informant, the date asserted in the affidavit controls our review on the issue of timeliness. *See Greene*, 324 N.C. at 9, 376 S.E.2d at 436 (citation omitted) (magistrate must consider evidence presented at time of application).

In *State v. Louchheim*, 296 N.C. 314, 323, 250 S.E.2d 630, 636, *cert. denied*, 444 U.S. 836, 62 L. Ed. 2d 47 (1979), our Supreme Court discussed the timeliness of information issue by quoting a Maryland appellate decision as follows:

> "The ultimate criterion in determining the degree of evaporation of probable cause, however, is . . . reason. The likelihood that the evidence sought is still in place is a function not simply of watch and calendar but of variables that do not punch a clock: the character of the crime (chance encounter in the night or regenerating conspiracy?), of the criminal (nomadic or entrenched?), of the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), of the place to be searched (mere criminal forum of convenience or secure operational base?), etc." *Andresen v. Maryland*, 24 Md. App. 128, 172, 331 A.2d 78, 106

STATE v. LEDBETTER

[120 N.C. App. 117 (1995)]

(1975), *cert. denied*, 274 Md. 725 (1975), *aff'd*, 427 U.S. 463, 49 L. Ed. 2d 627 (1976).

In a more recent Maryland case, *Davidson v. State*, 54 Md. App. 323, 330, 458 A.2d 875, 879 (1983), the court considered the timeliness of information in an affidavit dated 1 May 1981. The affiant indicated an informant had purchased a controlled substance with funds furnished by officers "on an unspecified occasion between April 12-30, 1981 . . . ." *Id.* The Maryland court held that the test

> is whether the information constituting the probable cause in the search warrant is so remote from the date of the affidavit "as to render it improbable that the alleged violation of law authorizing the search was extant at the time the application for the search warrant was made." The time element, while a factor to consider, is not the only factor. . . As colorfully stated by the *Andresen* court: "The hare and the tortoise do not disappear at the same rate of speed."

*Id.* at 331, 458 A.2d at 880 (citations omitted). The court noted that drug dealing "is ordinarily a regenerating activity carried on over a period of time," and held the "probable case for the search and seizure continued to exist on the date of the execution of the warrant." *Id.*

We believe the Maryland test to be apt, and consider particularly that the "regenerating activity" of the sale of cocaine depicted in the affidavit herein was stated and observed to have been conducted at defendant's residence, indisputably a "secure operational base." *Louchheim*, 296 N.C. at 323, 250 S.E.2d at 636 (citation omitted). Taken as a whole, therefore, and according due deference to the Clerk's determination, *Greene*, 324 N.C. at 9, 376 S.E.2d at 436, the affidavit contained sufficient timely information to support a finding there was " 'a fair probability' " that the controlled substance sought was to be found in the location to be searched. *Arrington*, 311 N.C. at 638, 319 S.E.2d at 258 (quoting *Gates*, 462 U.S. at 238, 76 L. Ed. 2d at 548); *see also McCoy*, 100 N.C. App. at 577, 397 S.E.2d at 358 (two controlled buys occurring within ten days of the application, albeit at different locations rented by defendant, sufficient to withstand objection to timeliness); *State v. Shanklin*, 16 N.C. App. 712, 716-17, 193 S.E.2d 341, 345 (1972), *cert. denied*, 282 U.S. 674, 194 L. Ed. 2d 154 (1973) (where property stolen six days prior to execution of affidavit, observation of property by informant recited therein was adequately timely because it "had to have been made within that six day period").

STATE v. LEDBETTER

[120 N.C. App. 117 (1995)]

In conclusion, we consider defendant's complaint that the application makes a single reference to "the Schedule II controlled substance *marijuana*" (emphasis added) as being sold and stored at 25 Monmouth Street. The trial court determined this was a "typographical error." Given that the controlled purchase referred to in the affidavit was specified to be cocaine and that we may take note that cocaine is a *Schedule II* controlled substance under our Controlled Substances Act, N.C. Gen. Stat. § 90-90(a)(4) (1993 & Cum. Supp. 1994), (and marijuana a Schedule VI substance, N.C. Gen. Stat. § 90-94 (1993)), we agree.

As our Supreme Court has stated,

"[a] grudging or negative attitude by reviewing courts towards warrants," is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; "courts should not invalidate warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a commonsense, manner." *Gates*, 462 U.S. at 236, 76 L. Ed. 2d at 547 (quoting *United States v. Ventresca,* 380 U.S. 102, 109, 13 L. Ed. 2d 684, 689 (1965)). "[T]he resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants."

*State v. Riggs*, 328 N.C. 213, 222, 400 S.E.2d 429, 434-35 (1991) (citations omitted); *see State v. Beddard,* 35 N.C. App. 212, 214-15, 241 S.E.2d 83, 85 (1978) (typographical error in affidavit as to year informant purchased marijuana not "fatal to the sufficiency of the affidavit").

Affirmed.

Judges JOHNSON and MARTIN, Mark D. concur.