THORNBURG, Judge.
 

 Tauhid Abdul Rahman Abdullah ("defendant") appeals from judgment entered upon his conviction by a jury of possession with intent to sell or deliver cocaine and his stipulation to habitual felon status. On appeal, defendant argues that the trial court erred in: (1) denying defendant's motion to suppress evidence obtained in a search based on an improper warrant; (2) failing to dismiss the charge of possession with intent to sell or deliver cocaine for lack of sufficient evidence; (3) sentencing defendant disproportionately to the crime committed; and (4) trying and sentencing defendant as a habitual felon in light of our recent decision in
 
 State v. Jones,
 

 161 N.C. App. 60
 
 ,
 
 588 S.E.2d 5
 
 (2003),in which this Court held that possession of cocaine is not a felony for the purposes of our habitual felon statute.
 

 Facts
 

 Officer Kevin Hopkins of the Graham Police Department ("Officer Hopkins") conducted, through an intermediary, two controlled drug purchases at defendant's apartment. On both occasions the intermediary paid with marked bills and returned with a substance that appeared to be crack cocaine. The second of these controlled purchases took place on 17 April 2002. On 18 April 2002, Officer Hopkins applied for and obtained a warrant to search defendant's residence. Paragraph two of the probable cause affidavit supporting the search warrant reads as follows:
 

 During this investigation a confidential reliable source of information (hereafter known as CRI), under surveillance, went to 115 Florence Street Apartment U in Graham and purchased on two separate occasions, suspected crack cocaine with money supplied by the Graham Police Vice Unit. The most recent being within the past 5 days. On both occasions the substance purchased field-tested positive for cocaine. On both occasions a black male known to the CRI as "Ty" was present and facilitated the actions leading to the purchase.
 

 Officer Hopkins and several other police officers executed the search warrant on 18 April 2002. When the officers arrived at the apartment, defendant and one other person were present. A search of defendant revealed two-hundred four dollars ($204), including four ten dollar bills with the same serial numbers as those used in the second controlled buy. The officers also seized two notebooks containing notations using drug trade terminology, rental receipts with defendant's name, a pay stub with defendant's name, and a tanplastic grocery bag with a piece cut out of it. The officers also searched outside defendant's apartment. On a clothesline in the courtyard behind defendant's apartment, the officers found jeans with crack cocaine in a pocket. The cocaine was wrapped in tan plastic.
 

 On 13 May 2002, a grand jury indicted defendant on charges of possession with the intent to sell or deliver cocaine and being a habitual felon. On 26 July 2002, defendant filed a motion to suppress all evidence that resulted from the 18 April 2002 search. At trial defendant made a motion to dismiss the charge of possession with intent to sell or deliver cocaine. The trial court denied both these motions. On 20 March 2003, a jury convicted defendant of possession with intent to sell or deliver cocaine. Defendant stipulated to being a habitual felon and was sentenced to a term of 114 to 146 months in the custody of the North Carolina Department of Corrections. Defendant appeals.
 

 I
 

 Defendant first contends that the trial court should have granted his motion to suppress on the ground that the information supporting the warrant was stale. Although testimony at trial established that a controlled purchase of cocaine was made at defendant's residence one day before the search, the probable cause affidavit recited that this purchase was made "within the past five days." "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed."
 
 State v. Arrington,
 

 311 N.C. 633
 
 ,638,
 
 319 S.E.2d 254
 
 , 258 (1984) (quoting
 
 Illinois v. Gates,
 

 462 U.S. 213
 
 , 238-39,
 
 76 L. Ed. 2d 527
 
 , 548 (1983)). Thus, the issue is whether the recitation in the probable cause affidavit of a controlled buy made at defendant's apartment within "the past five days" was sufficient, in conjunction with the other information in the affidavit, to support the issuance of the search warrant.
 

 This Court upheld a warrant issued based on an affidavit detailing a controlled purchase of cocaine "[i]n the six days prior" to making the application for the search of the premises where the purchase was made.
 
 State v. Ledbetter,
 

 120 N.C. App. 117
 
 , 119,
 
 461 S.E.2d 341
 
 , 343 (1995). In
 
 Ledbetter
 
 we indicated our approval of a Maryland test for staleness:
 

 [W]hether the information constituting the probable cause in the search warrant is so remote from the date of the affidavit "as to render it improbable that the alleged violation of law authorizing the search was extant at the time the application for the search warrant was made."
 

 120 N.C. App. at 125
 
 ,
 
 461 S.E.2d at 346
 
 (citation omitted). The Maryland court observed that drug dealing often is a "regenerating activity carried on over a period of time" as support for probable cause continuing to exist when a warrant was issued days after a controlled purchase of drugs.
 

 Id.
 

 In
 
 Ledbetter
 
 we repeated the "regenerating activity" language with approval and noted that the drug related activity taking place at that defendant's house supported the finding that there was "a fair probability" that the controlled substance would be found in the area to be searched.
 
 Ledbetter
 
 at 125,
 
 461 S.E.2d at 346
 
 . In the present case the affidavit supporting the issuance of the search warrant recited that a controlled purchase had taken place "within the past five days." Based on this Court's holding in
 
 Ledbetter,
 
 therefore, we hold that the information upon which the instant warrant was based was not stale. Accordingly, this assignment of error is overruled.
 

 II
 

 Defendant next contends that the trial court erred in failing to dismiss the possession with intent to sell or deliver cocaine charge. The role of the trial court in considering a motion to dismiss is to examine all the evidence in the light most beneficial to the State without weighing the evidence, considering evidence unfavorable to the State or determining any witness's credibility.
 
 State v. Parker,
 

 354 N.C. 268
 
 , 278,
 
 553 S.E.2d 885
 
 , 894 (2001),
 
 cert. denied,
 

 535 U.S. 1114
 
 ,
 
 153 L. Ed. 2d 162
 
 (2002). If the State has presented substantial evidence of each element of the crime charged, the motion to dismiss should be denied. If, however, the evidence raises no more than mere suspicion or conjecture that the defendant is guilty, the motion should be granted.
 
 State v. Butler,
 

 356 N.C. 141
 
 , 145,
 
 567 S.E.2d 137
 
 , 139-40 (2002).
 

 At issue is whether the State presented substantial evidence that defendant constructively possessed the cocaine found in the pocket of the jeans hanging in the courtyard behind defendant's residence. Constructive possession is the legal doctrine that establishes possession within the meaning of the law when a defendant is not in actual possession of a controlled substance,but, nevertheless, intends and is capable of maintaining control and dominion over it.
 
 See State v. Givens,
 

 95 N.C. App. 72
 
 , 76,
 
 381 S.E.2d 869
 
 , 871 (1989). If the defendant was not in exclusive possession of the area where the cocaine was found, the State must present evidence of other incriminating circumstances in order for constructive possession to be inferred.
 
 State v. Davis,
 

 325 N.C. 693
 
 , 697,
 
 386 S.E.2d 187
 
 , 190 (1989).
 

 Evidence presented at trial tended to show that three other apartments opened onto the courtyard, which also could be accessed from the street. Thus, the State does not rely on exclusive possession, but argues that enough evidence of incriminating circumstances was presented to allow the jury to reasonably infer that defendant intended to maintain control and dominion over the cocaine. We agree.
 

 In the light most favorable to the State, the pertinent evidence presented at trial tended to show the following: Two purchases of crack cocaine were made at defendant's apartment, the second occurring the day before the search at issue. During the second buy, defendant exited the apartment through the back door, entered the courtyard, and returned to the apartment 30-45 seconds later. The next day defendant was present during the execution of the search warrant. The officers executing the warrant found the money that was used in the second controlled buy in defendant's pocket. The search of defendant's apartment revealed a tan plastic bag with a section cut out of the middle and two notebooks containing notations of weights and prices of cocaine. The searchof the courtyard directly behind defendant's apartment revealed cocaine wrapped in tan plastic in the watch pocket of a pair of jeans hanging on the clothesline.
 

 We hold that this evidence contains enough incriminating circumstances to survive a motion to dismiss on the issue of constructive possession. We emphasize, however, that our holding is based on the quantity of the evidence that ties defendant to the cocaine found in the courtyard. We do not hold that any particular factor present in the evidence in this case would alone be sufficient to show that defendant intended to maintain control and dominion over the cocaine. Mere proximity to contraband, for example, "is usually insufficient[,] in the absence of other incriminating circumstances."
 
 State v. Balsom,
 

 17 N.C. App. 655
 
 , 659,
 
 195 S.E.2d 125
 
 , 128 (1973)(internal quotation marks removed).
 
 See also State v. Baize,
 

 71 N.C. App. 521
 
 , 529,
 
 323 S.E.2d 36
 
 , 41 (1984)("No single factor controls."),
 
 disc. rev. denied,
 

 313 N.C. 174
 
 ,
 
 326 S.E.2d 34
 
 (1985). Here it is the combination of the controlled buy of cocaine one day prior to the search, defendant's presence during that buy and during the search, the marked bills found in defendant's pocket, the missing plastic from the bag in defendant's apartment, as well as defendant's proximity to the cocaine at issue, which supports a reasonable inference by the jury that defendant intended to maintain control and dominion over the cocaine found in the courtyard.
 
 See State v. Outlaw,
 

 159 N.C. App. 423
 
 , 426-27,
 
 583 S.E.2d 625
 
 , 628 (2003),
 
 disc. rev. denied,
 

 357 N.C. 510
 
 ,
 
 588 S.E.2d 380
 
 (2003).
 

 III
 

 Defendant next contends that his sentence, enhanced by his stipulation to habitual felon status, violates the United States and North Carolina constitutions in that it is grossly disproportionate to the offense committed, and thus, is cruel and unusual punishment. Because defendant did not raise this issue before the trial court, it is not preserved for our review. N.C. R. App. P. 10(b)(1);
 
 see State v. Williams,
 

 355 N.C. 501
 
 , 528,
 
 565 S.E.2d 609
 
 , 625 (2002),
 
 cert. denied,
 

 537 U.S. 1125
 
 ,
 
 154 L. Ed. 2d 808
 
 (2003). "' Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal.'"
 

 Id.
 

 (citation omitted). Accordingly, this assignment of error is dismissed.
 

 IV
 

 Defendant argues that the trial court erred in sentencing him as a habitual felon in light of our recent ruling in
 
 State v. Jones,
 

 161 N.C. App. 60
 
 ,
 
 588 S.E.2d 5
 
 (2003). Our Supreme Court recently reviewed our holding in
 
 Jones
 
 and held that "because N.C.G.S. § 90-95(d)(2) classifies possession of cocaine as a felony, defendant's . . . conviction for possession of cocaine was sufficient to serve as an underlying felony for his habitual felon indictment."
 
 State v. Jones,
 
 ___ N.C. ___, ___ S.E.2d ___ (June 25, 2004) (No. 591PA03). Thus, the three convictions upon which defendant's habitual felon status was based are indeed felonies. Accordingly, this assignment of error is without merit.
 

 No error. Chief Judge MARTIN and Judge HUNTER concur.
 

 Report per Rule 30(e).