IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1284

 Filed: 17 September 2019

Forsyth County, Nos. 17 CRS 53907-08

STATE OF NORTH CAROLINA

 v.

BOBBY LINDBERG CADDELL

 Appeal by Defendant from Judgments entered 8 May 2018 by Judge Eric C.

Morgan in Forsyth County Superior Court. Heard in the Court of Appeals 21 August

2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Zachary
 Padgett, for the State.

 Patrick S. Lineberry, for defendant-appellant.

 HAMPSON, Judge.

 Factual and Procedural History

 Bobby Lindberg Caddell (Defendant) appeals from the trial court’s Order

denying his Motion to Suppress (Motion to Suppress Order), and from Judgments

entered on 8 May 2017 after Defendant entered Alford1 pleas for one count of

Felonious Trafficking in Opium/Heroin, two counts of Felonious Possession with

 1 See North Carolina v. Alford, 400 U.S. 25, 27 L. Ed. 2d 162 (1970).
 STATE V. CADDELL

 Opinion of the Court

Intent to Sell or Deliver a Schedule II Substance, three counts of Felonious

Maintaining Dwelling Used for Controlled Substances, one count of Misdemeanor

Possession of Drug Paraphernalia, two counts of Felonious Possession with Intent to

Sell or Deliver a Schedule I Substance, and attaining Habitual-Felon status. The

Record in this matter shows the following:

 On 26 April 2017, Detective E.M. Branson (Detective Branson) from the

Winston-Salem Police Department filed an Application for Search Warrant for 2309

Urban Street (the Residence). In support of the application, Detective Branson

attached an Affidavit. The Affidavit set forth the following:

 During the month of March 2017, your AFFIANT received
 information from a confidential source “crack” cocaine, heroin,
 and marijuana was being sold by a white male they know as
 Bobby Caddell. Information was received that CADDELL lives
 and sells “crack” cocaine, heroin, and marijuana from 2309 Urban
 Street. . . . Your AFFIANT was able to identify Bobby Caddell
 through the Winston Salem Police PISTOL records.

 During the last 72 hours, your AFFIANT met with the
 confidential reliable and compensated informant in an attempt to
 purchase “crack” cocaine from CADDELL. . . . The informant was
 provided with U.S. Currency from the Alcohol, Tobacco, Firearms
 and Explosives (ATF) buy fund and instructed to go directly to
 2309 Urban Street to purchase “crack” cocaine from
 CADDELL. . . . The informant was observed making contact with
 CADDELL in the front yard of the residence. A short time later,
 the informant was observed exiting the front door of the residence
 followed by CADDELL. The informant responded to the
 predetermined location. The informant produced a quantity of
 “crack” cocaine that they advised they purchased from CADDELL
 inside of 2309 Urban Street. . . . The substance was subjected to

 -2-
 STATE V. CADDELL

 Opinion of the Court

 a preliminary field test and showed a positive reaction to the
 schedule II controlled substance cocaine.

 The confidential informant who was used to make the controlled
 buys is of proven reliability. The informant has provided
 information in the past that has led to the seizure of narcotics.
 The informant has never mislead or provided false information in
 the past.

 ....

 Your AFFIANT, Detective E. M. Branson, has been a Police
 Officer with the Winston-Salem, North Carolina Police
 Department for over sixteen (16) years and has been assigned to
 the Special Investigations Division for approximately 5 years.
 Your AFFIANT has received approximately 200 hours of
 specialized training in the identification and investigation of
 narcotics. Furthermore, your AFFIANT has made in excess of 150
 arrests for narcotic violations at both the State and Federal levels.

 That same day, a Superior Court Judge issued the Warrant. The search was

executed on 27 April 2017. As a result of the search, the Winston-Salem Police

Department seized heroin, fentanyl, “crack” cocaine, and other paraphernalia

including digital scales, syringes, and plastic baggies. On 23 October 2017,

Defendant was indicted on: one count of Felonious Trafficking in Opium/Heroin;

Felonious Possession with Intent to Sell or Deliver a Schedule II Substance; Felonious

Maintaining Dwelling Used for Controlled Substances; Misdemeanor Possession of

Drug Paraphernalia; Felonious Possession with Intent to Sell or Deliver a Schedule I

Substance; and, attaining Habitual-Felon status. On 7 May 2018, prior to trial,

Defendant filed a Motion to Suppress evidence of the items seized from the Residence

 -3-
 STATE V. CADDELL

 Opinion of the Court

alleging they were obtained as a result of an unlawful search and seizure under the

United States and North Carolina Constitutions.

 At a pretrial hearing also on 7 May 2018, the trial court conducted a hearing

on Defendant’s Motion to Suppress. The trial court denied Defendant’s Motion and

entered the Motion to Suppress Order. In the Motion to Suppress Order, the trial

court made Findings of Fact. The relevant Findings of Fact are as follows:

 4. As is set out in the application for the search warrant, in March
 2017, Detective Branson received information from a
 confidential source that three types of drugs: “crack” cocaine,
 heroin, and marijuana were being sold by a white male known
 as Bobby Caddell, from a house located at 2309 Urban Street.
 Detective Branson also received information that the
 defendant was in possession of a .380 caliber handgun, a 9 mm
 handgun, and two shotguns.

 5. After receiving this information, [D]etective Branson began an
 investigation, and checked the Winston-Salem Police data
 system known as PISTOL, and she was able to identify
 defendant through these records.

 6. Thereafter, and as recited by the application for the search
 warrant, within 72 hours prior to applying for the warrant,
 Detective Branson met with a confidential reliable and
 compensated informant (“CI”) in an effort to purchase “crack”
 cocaine from the defendant, Mr. Caddell.

 7. Detective Branson had performed drug buys with this CI on
 three or four occasions prior, and the CI had never misled
 Detective Branson or provided false information, and had
 provided information in the past that led to the seizure of
 narcotics.

 8. Prior to the drug purchase, the CI was searched, and was found
 to have no drugs, money, or contraband on their person.

 -4-
 STATE V. CADDELL

 Opinion of the Court

 9. The CI was provided with money from the ATF buy fund, and
 instructed to go to [the Residence] to purchase “crack” cocaine
 from defendant and then meet officers at a predetermined
 location after the controlled purchase.

 10. Detective Branson parked approximately 100 yards away, and
 watched the CI make contact with defendant in the front yard
 of [the Residence].

 11. A short time later, the CI was observed by Branson exiting
 the front door of the residence followed by defendant, and the
 length of time that the CI and the defendant stayed in the
 residence is consistent, in Detective Branson’s experience,
 with drug activity.

 12. The CI thereafter provided Detective Branson with a quantity
 of “crack” cocaine that the CI stated was purchased from
 defendant inside [the Residence]. The informant was again
 searched and found to have no drugs, money, or contraband on
 their person.

 13. The substance was subjected to a field test and tested positive
 for cocaine.

 Based on the Findings of Fact, the trial court concluded, “on the totality of the

circumstances, there was a sufficiently strong showing of probable cause for the

issuance of the search warrant” and that “[t]he defendant’s rights under the U.S. and

North Carolina Constitutions and applicable statutes were not violated.”

 The following day, on 8 May 2018, Defendant entered into Alford pleas to one

count of Felonious Trafficking in Opium/Heroin, two counts of Felonious Possession

with Intent to Sell or Deliver a Schedule II Substance, three counts of Felonious

Maintaining Dwelling Used for Controlled Substances, one count of Misdemeanor

 -5-
 STATE V. CADDELL

 Opinion of the Court

Possession of Drug Paraphernalia, two counts of Felonious Possession with Intent to

Sell or Deliver a Schedule I Substance, and attaining Habitual-Felon status. On 16

May 2018, Defendant filed a written Notice of Appeal with the Forsyth County

Superior Court.

 Appellate Jurisdiction

 “An order finally denying a motion to suppress evidence may be reviewed upon

an appeal from . . . a judgment entered upon a plea of guilty.” N.C. Gen. Stat. § 15A-

979(b) (2017). To preserve the right to appeal, the defendant must notify his intent

to appeal to both the State and trial court before plea negotiations are finalized. State

v. Reynolds, 298 N.C. 380, 397, 259 S.E.2d 843, 853 (1979). Defendant’s trial counsel

and counsel for the State orally confirmed at the suppression hearing that Defendant

gave prior notice to the State. Additionally, the Transcript of Plea states: “Defendant

. . . reserves his right to appeal the ruling on the motion to suppress made in this case

. . . if unfavorable to the defendant.” Thus, this appeal is properly before this Court.

 Issue

 The sole issue on appeal is whether the trial court erred in denying Defendant’s

Motion to Suppress in finding the Warrant was supported by probable cause.

Defendant specifically argues that under the standard applicable to anonymous tips,

the Warrant was unsupported by a sufficient showing of probable cause.

 Analysis

 -6-
 STATE V. CADDELL

 Opinion of the Court

 I. Standard of Review

 When reviewing the denial of a motion to suppress, “the reviewing court must

determine whether competent evidence supports the trial court’s findings of fact and

whether the findings of fact support the conclusions of law.” State v. Williams, 366

N.C. 110, 114, 726 S.E.2d 161, 165 (2012) (citations and quotation marks omitted).

“The trial court’s findings of fact on a motion to suppress are conclusive on appeal if

supported by competent evidence, even if the evidence is conflicting.” Id. (citations

and quotation marks omitted). Conclusions of law are reviewed de novo. Id. (citation

omitted).

 II. Motion to Suppress

 A. Findings of Fact

 Defendant challenges the trial court’s Findings of Fact 7, 8, 10, 11, 12, and 13,

asserting that they are not based on competent evidence. We conclude there is

sufficient evidence to support the trial court’s Findings of Fact and therefore they are

binding on appeal. Id. (“The trial court’s findings of fact on a motion to suppress are

conclusive on appeal[.]” (citations and quotation marks omitted)).

 Defendant challenges Findings of Fact 7, 10, and 11 on the grounds they

contain information not asserted in the Affidavit. It is error for a reviewing court to

rely upon facts elicited at a suppression hearing that go beyond the four corners of

 -7-
 STATE V. CADDELL

 Opinion of the Court

the warrant in determining probable cause. See State v. Benters, 367 N.C. 660, 673-

74, 766 S.E.2d 593, 603 (2014).

 Finding of Fact 7 states: “Detective Branson had performed drug buys with

this CI on three or four occasions prior, and the CI had never misled Detective

Branson or provided false information, and had provided information in the past that

led to the seizure of narcotics.” The statement “Detective Branson had performed

drug buys with this CI on three or four occasions prior[,]” comes from Detective

Branson’s testimony at the suppression hearing and is not expressly included in the

Affidavit. Assuming it was error for the trial court to consider the facts elicited from

Detective Branson at the suppression hearing in Finding of Fact 7, we conclude

Defendant was not prejudiced. See id. The remaining Findings of Fact support the

Conclusions of Law and the magistrate’s finding of a substantial basis for probable

cause. See State v. McPhaul, ___ N.C. App. ___, ___, 808 S.E.2d 294, 301 (2017).

Moreover, the remaining portion of Finding of Fact 7 is consistent with the Affidavit,

which states the CI “who was used to make the controlled buys is of proven

reliability[,] . . . has provided information in the past that has led to the seizure of

narcotics [and] has never mislead or provided false information in the past.”

 Defendant argues Findings of Fact 10 and 11 are not supported by competent

evidence because “[t]here were no circumstances in the affidavit indicating that the

visual identifications of Mr. Caddell outside the residence, before and after the

 -8-
 STATE V. CADDELL

 Opinion of the Court

controlled purchase, were reliable.” The Affidavit unambiguously states: “The

informant was observed making contact with CADDELL in the front yard of the

residence. A short time later, the informant was observed exiting the front door of

the residence followed by CADDELL.” The Defendant, challenging these Findings of

Fact, did not present conflicting evidence, and even so, “[t]he trial court’s findings of

fact on a motion to suppress are conclusive on appeal if supported by competent

evidence, even if the evidence is conflicting.” Williams, 366 N.C. at 114, 726 S.E.2d at

165 (emphasis added) (citations and quotation marks omitted). Thus, we conclude

Findings of Fact 10 and 11 are supported by competent evidence in the Record.

 Defendant challenges Findings of Fact 8, 12, and 13 on the grounds that

Detective Branson’s use of the passive voice in the Affidavit “did not attribute these

observations to any particular source[.]” However, to conclude from her use of the

passive voice that Detective Branson lacked knowledge of the events described

therein would amount to a hypertechnical, rather than a commonsense, reading of

her Affidavit. See State v. Allman, 369 N.C. 292, 294, 794 S.E.2d 301, 303 (2016)

(“Reviewing courts should not invalidate warrant[s] by interpreting affidavit[s] in a

hypertechnical, rather than a commonsense, manner.” (emphasis added) (citations

and quotation marks omitted)). Detective Branson’s Warrant indicated she received

an anonymous tip and thereafter described her observations of the controlled

purchase by the CI at the Residence to be searched. We decline to apply a

 -9-
 STATE V. CADDELL

 Opinion of the Court

hypertechnical reading to the Affidavit and hold that Findings of Fact 8, 12, and 13

are supported by competent evidence. Because we hold the trial court’s Findings of

Fact are supported by competent evidence, they are binding on appeal. See Williams,

366 N.C. at 114, 726 S.E.2d at 165.

 B. Conclusions of Law

 Defendant further argues the challenged Findings of Fact ultimately do not

support Conclusions of Law 2 and 3—that probable cause for the search existed under

the totality of the circumstances. Reviewing the trial court’s Conclusions of Law de

novo, we conclude under the totality of the circumstances, the Findings of Fact

support the trial court’s conclusion there was a sufficient basis to find probable cause

to support issuance of the Warrant.

 The Fourth Amendment of the U.S. Constitution and Article 1, Section 20, of

the Constitution of North Carolina protect against unreasonable searches and

seizures by requiring the issuance of a warrant only on a showing of probable cause.

See Allman, 369 N.C. at 293, 794 S.E.2d at 302-03. A court determines whether

probable cause exists under the Fourth Amendment of the U.S. Constitution and

Article 1, Section 20, of the Constitution of North Carolina with a totality-of-the-

circumstances test. Id. (“[T]he probable cause analysis under the federal and state

constitutions is identical.” (citing Illinois v. Gates, 462 U.S. 213, 230-31, 76 L. Ed. 2d

 - 10 -
 STATE V. CADDELL

 Opinion of the Court

527, 543-44 (1983); State v. Arrington, 311 N.C. 633, 643, 319 S.E.2d 254, 260-61

(1984))).

 A determination of probable cause is made by a “neutral and detached

magistrate,” id. at 294, 794 S.E.2d at 303 (citations and quotation marks omitted),

and is “based on the factual and practical considerations of everyday life on which

reasonable and prudent men, not legal technicians, act.” State v. Riggs, 328 N.C. 213,

219, 400 S.E.2d 429, 433 (1991) (citations and quotation marks omitted). “To

determine whether probable cause exists under the totality of the circumstances, a

magistrate may draw ‘[r]easonable inferences from the available observations.’”

Allman, 369 N.C. at 294, 794 S.E.2d at 303 (quoting Riggs, 328 N.C. at 221, 400

S.E.2d at 434).

 North Carolina law requires that all applications for search warrants contain

“[a] statement that there is probable cause to believe that items subject to seizure . . .

may be found in or upon a designated or described place” and “[a]llegations of fact

supporting the statement” that are “supported by one or more affidavits particularly

setting forth the facts and circumstances establishing probable cause[.]” N.C. Gen.

Stat. § 15A-244(2), (3) (2017). “A magistrate must make a practical, common-sense

decision, based on the totality of the circumstances, whether there is a fair probability

that contraband will be found in the place to be searched.” State v. McKinney, 368

N.C. 161, 164, 775 S.E.2d 821, 824 (2015) (citations and quotation marks omitted).

 - 11 -
 STATE V. CADDELL

 Opinion of the Court

 Defendant contends that we should apply the “anonymous tip standard” to the

probable-cause analysis.

 When sufficient indicia of reliability are wanting, . . . we evaluate
 the information based on the anonymous tip standard. An
 anonymous tip, standing alone, is rarely sufficient, but the tip
 combined with corroboration by the police could show indicia of
 reliability that would be sufficient to pass constitutional muster.

Benters, 367 N.C. at 666, 766 S.E.2d at 598-99 (alterations, citations, and quotation

marks omitted). The anonymous-tip standard applies when the affiant has “nothing

more than [a] conclusory statement that the informant was confidential and

reliable[.]” Id. at 668, 766 S.E.2d at 600 (citations and quotation marks omitted).

 The North Carolina Supreme Court, in Benters, declined to hold probable cause

supported a warrant under the anonymous-tip standard. Id. at 673, 766 S.E.2d at

603. In Benters, the anonymous tip, stating the defendant was growing marijuana,

was provided to the affiant from another detective who received the tip from a

“confidential and reliable source of information[.]” Id. at 662, 766 S.E.2d at 596. The

affidavit in Benters “[did] not suggest [the affiant] was acquainted with or knew

anything about Detective Hasting’s source or could rely on anything other than

Detective Hasting’s statement that the source was confidential and reliable.” Id. at

668, 766 S.E.2d at 600 (emphasis added). Moreover, the affidavit “fail[ed] to establish

the basis for Detective Hasting’s appraisal of his source’s reliability[.]” Id. Therefore,

the affiant had no personal knowledge about the reliability of the source. Based on

 - 12 -
 STATE V. CADDELL

 Opinion of the Court

the assertions in the affidavit, the Court concluded the tip “amount[ed] to little more

than a conclusory rumor” and was an anonymous tip. Id. at 669, 766 S.E.2d at 600.

 When an anonymous tip is the source of information supporting a warrant,

“the officers’ corroborative investigation must carry more of the State’s burden to

demonstrate probable cause.” Id. The corroboration of the tip in the Benters affidavit

amounted to: statements on two years of the defendant’s utility records, the expertise

and experience of Detective Hastings, and the observation of “multiple gardening

items on defendant’s property in the absence of exterior gardens or potted plants.” Id.

at 671-72, 766 S.E.2d at 602. Under the totality of the circumstances, our Supreme

Court concluded the “verification of mundane information, Detective Hastings’s

statements regarding defendant’s utility records, and the officers’ observations of

defendant’s gardening supplies are not sufficiently corroborative of the anonymous

tip or otherwise sufficient to establish probable cause[.]” Id. at 673, 766 S.E.2d at

603.

 In contrast, in State v. Lowe, the North Carolina Supreme Court, citing

Benters, held that there was a sufficient showing of probable cause. 369 N.C. 360,

365, 794 S.E.2d 282, 286 (2016) (citations omitted). In Lowe, “the anonymous tip was

that the [suspect] was selling, using, and storing narcotics at his house.” Id.

(quotation marks omitted). The affidavit in support of the warrant listed the

detective’s training and experience, the history of the suspect’s drug-related arrests,

 - 13 -
 STATE V. CADDELL

 Opinion of the Court

and stated that the detective “discovered marijuana residue in trash from [the

suspect’s] residence, along with correspondence addressed to [the suspect].” Id. at

365, 794 S.E.2d at 286. “[U]nlike in Benters, the affidavit presented the magistrate

with direct evidence of the crime for which the officers sought to collect evidence.” Id.

(citations and quotation marks omitted). Therefore, our Supreme Court concluded

“under the totality of the circumstances there was a substantial basis for the issuing

magistrate to conclude that probable cause existed.” Id. at 366, 794 S.E.2d at 286.

 Further, this Court held the circumstances were sufficient to support probable

cause when a CI’s tip was substantiated by a controlled purchase. State v. Ledbetter,

120 N.C. App. 117, 123-24, 461 S.E.2d 341, 345 (1995). In Ledbetter, the detective’s

affidavit “contained the statement he had received information from a confidential

informant and thereafter described the controlled purchase of narcotics at the

premises to be searched.” Id. at 123, 461 S.E.2d at 345. This Court articulated the

“statement [the detective] had received information was not the focal point of his

affidavit, but rather his precise and detailed recitation of his observations regarding

the controlled purchase.” Id. (quotation marks omitted). The Court concluded “the

search warrant herein was issued in reliance upon recitation in the affidavit of a

controlled purchase of cocaine.” Id. at 122, 461 S.E.2d at 344. Therefore, this Court

determined the affidavit was sufficient “to establish that the warrant was issued

upon probable cause.” Id. at 124, 461 S.E.2d at 345.

 - 14 -
 STATE V. CADDELL

 Opinion of the Court

 Unlike in Benters, in the case sub judice, the Affidavit is supported by “more

than [a] conclusory statement that the informant was confidential and reliable[.]”

Benters, 367 N.C. at 668, 766 S.E.2d at 600 (citations and quotation marks omitted).

In Benters, the affidavit was based on information provided to the affiant from

another detective, and there was no basis for the appraisal of the source’s reliability.

Id. In contrast, the Affidavit in the instant case is supported by the Affiant’s

knowledge of the events therein, including the controlled purchase of “crack” cocaine,

and her credibility determination of the CI, whom she met with both before and after

the controlled purchase and had worked with previously. The trial court’s Findings

of Fact establish Detective Branson, as Affiant, had personal knowledge of the CI’s

reliability and witnessed the events averred to in the Affidavit. Therefore, in this

case, we conclude there exist sufficient indicia of reliability and decline to apply the

anonymous-tip standard set forth in Benters. See id. at 666, 766 S.E.2d at 598-99.

 Furthermore, unlike Benters, where the corroboration of the anonymous tip

consisted of “verification of mundane information, . . . statements regarding

defendant’s utility records, and the officers’ observations of defendant’s gardening

supplies” id. at 673, 766 S.E.2d at 603, the Affidavit here “presented the magistrate

with direct evidence of the crime for which the officers sought to collect evidence.”

Lowe, 369 N.C. at 365, 794 S.E.2d at 286 (citations and quotation marks omitted).

Defendant was suspected of selling narcotics at the Residence. The magistrate was

 - 15 -
 STATE V. CADDELL

 Opinion of the Court

presented with direct evidence of the crime with Detective Branson’s observations of

the CI’s controlled purchase of “crack” cocaine. Thus, as our Supreme Court held in

Lowe, there was a sufficient basis for the magistrate’s conclusion that probable cause

existed under the totality of the circumstances. Id. at 366, 794 S.E.2d at 286.

 Moreover, as this Court reasoned in Ledbetter, the initial tip here was not the

focal point of Detective Branson’s Affidavit. 120 N.C. App. at 123-24, 461 S.E.2d at

345 (holding that there was a substantial basis for concluding that probable cause

existed where the focal point of the affidavit in question was the “recitation of [the

affiant’s] observations regarding the controlled purchase” and not an initial

anonymous tip). The focal point of Detective Branson’s Affidavit was her recitation

of the controlled purchase of “crack” cocaine by the CI at the Residence to be searched,

which in turn presented the magistrate with “direct evidence of the crime for which

the officers sought to collect evidence.” Lowe, 369 N.C. at 365, 794 S.E.2d at 286

(citations and quotation marks omitted). Thus, we conclude, as this Court held in

Ledbetter, that the Warrant was issued upon a sufficient showing of probable cause.

See Ledbetter, 120 N.C. App. at 123-24, 461 S.E.2d at 345.

 Reviewing the trial court’s Conclusions of Law de novo, we conclude “under the

totality of the circumstances there was a substantial basis for the issuing magistrate

to conclude that probable caused existed.” Lowe, 369 N.C. at 366, 794 S.E.2d at 286.

 - 16 -
 STATE V. CADDELL

 Opinion of the Court

Therefore, we affirm the trial court’s denial of Defendant’s Motion to Suppress and

the Judgments entered as a result of his Alford pleas.

 Conclusion

 Accordingly, based on the foregoing reasons, we affirm the trial court’s denial

of Defendant’s Motion to Suppress and Judgments entered pursuant to Defendant’s

Alford pleas.

 AFFIRMED.

 Judges INMAN and BROOK concur.

 - 17 -